UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**SHANE SCOFIELD,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ALLEVIATE TAX LLC**, a California Limited Liability Company,

    Defendant.

_____/

Case No. 1:24-cv-3231

## DEFENDANT ALLEVIATE TAX LLC'S MOTION TO STRIKE CLASS ALLEGATIONS

Defendant Alleviate Tax LLC ("Alleviate") respectfully moves this Court for an Order striking Plaintiff Shane Scofield's ("Plaintiff") class allegations from his Complaint, ECF No. 1, pursuant to Federal Rules of Civil Procedure 12(f) and 23.

As outlined in the accompanying Memorandum, Plaintiff's class allegations should be stricken because Plaintiff's proposed class is facially uncertifiable as a matter of law. As such, it cannot satisfy the requirements of Rule 23.

1

## MEMORANDUM OF LAW

I.  **INTRODUCTION**

Plaintiff's Class is uncertifiable and beyond redemption through discovery. This Court should therefore strike Plaintiff's class allegations at the outset to avoid the unnecessary expense of time and resources.

First, this class is incredibly overbroad. Many class members will lack standing because it includes individuals who gave prior express consent to be called, which precludes liability under 47 U.S.C. § 227(b)(1)(A). Also, it seeks to expand the class period beyond the four-year statute of limitations for TCPA claims by including the time from the filing of the complaint through trial.

Second, the class is unduly vague. The Class premises membership on whether the call the individual received used "an identical or substantially similar pre-recorded message used to place the telephone call to Plaintiff." Compl. at ¶ 33, ECF No. 1. Since it is unclear what constitutes a "substantially similar pre-recorded message," this class definition fails.

Third, the definition requires this Court to engage in a merits-based determination of class membership by requiring the calls to be "telemarketing." *Id.*

Finally, Plaintiff's Class does not satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a). That is, i) the overbroad definition includes members, regardless of consent, ii) the Class membership depends on receiving "substantially similar pre-recorded message" and iii) determining whether the calls are "telemarketing," will undoubtedly require individualized inquiries. And when the court must undertake such inquiries to determine whether a person is a member of the class, the class is not appropriate.

Therefore, the Class, as defined, cannot be maintained as a matter of law and must be stricken.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, despite his cell phone being listed on the DNCR for over a year, Alleviate made an unsolicited call and left a prerecorded voicemail on February 15, 2024, regarding tax relief services. Compl. at ¶¶ 17-23, ECF No. 1.

Plaintiff seeks to represent the following class:

> **TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number, specialized mobile radio number, other radio common carrier number, or any service for which the called party is charged for the call, (2) either Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) from four years prior to the filing date of this Complaint through trial (4) using an identical or substantially similar pre-recorded message used to place the telephone call to Plaintiff.

*Id.* at ¶ 33.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, Rule 23(d)(1)(D) enables a court to "require that the pleadings be amended to eliminate allegations about representation of absent persons[.]" (alteration added). These provisions empower a district court to strike class allegations.

To be viable, a class action complaint must plead "the existence of a group of putative class members whose claims are susceptible of resolution on a class wide basis." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). However, "[i]f it is obvious from the pleadings that the proceeding cannot possibly move forward on a class wide basis, district courts use their

authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Id*. (alteration added).

Indeed, this Court has indicated that "[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *Faulhaber v. Petzl Am., Inc.*, 656 F. Supp. 3d 1257, 1273 (D. Colo. 2023) (quoting *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)) (alteration added). *See also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.").

There is also good reason to strike a class early. The Supreme Court has recognized the dangers of allowing a plainly uncertifiable class to proceed to discovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of [the] evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs) (alteration added).

### IV. PLAINTIFF'S PROPOSED CLASS DEFINITION IS FACIALLY UNCERTIFIABLE AND MUST BE STRICKEN.

#### A. Plaintiff's Proposed Class Definition Is Overbroad.

It is well-established that a class definition may not be certified where it includes many members who lack claims. *See Faulhaber*, 656 F. Supp. 3d at 1273 ("Courts have concluded similarly defined classes, which do not distinguish between potential class members who have been injured and those who have not, are overbroad or not ascertainable."); *Ramsay v. Frontier,*

4

*Inc.*, 2020 WL 4557545, at *24 (D. Colo. July 30, 2020) ("It would make no sense for the millions of other Frontier passengers who could not claim to have been sexually assaulted and could not claim to have any damages, to be a part of an action for money damages brought by these two plaintiffs based on these two discrete incidents. A class which includes all Frontier passengers, whether they have been sexually assaulted or not, and who would not be entitled to any injunctive relief regardless, is wildly overbroad."); *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1155 (D. Colo. 2019) (granting motion to strike where class definition was overbroad because it included class members regardless of whether they were injured); *Edwards v. Zenimax Media Inc.*, 2012 WL 4378219, at *6 (D. Colo. Sept. 25, 2012) (same). Where such overbreadth is apparent at the pleadings stage, a class is properly stricken. *See Faulhaber*, 656 F. Supp. 3d at 1271-73 (striking class for overbreadth and stating, "It seems like the sensible approach … is to permit class allegations to be stricken at the pleading stage—in part or in their entirety—if it is apparent from the pleadings that the class cannot be certified or that the definition of the class is overbroad.") (quoting 5C Fed. Prac. & Proc. Civ. § 1383 (3d ed.)).

The Eleventh Circuit has noted the inherently dangerous "*in terrorem* character of a class action" that is too broad. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019) (quoting *Kohen v. Pacific Inv. Mgmt. Co. LLC*, 571 F.3d 672, 678 (7th Cir. 2009). Indeed, *Cordoba* explained that a class that includes "uninjured class members increases the potential liability for the defendant and induces more pressure to settle the case, regardless of the merits." *Id.* This concern is particularly compelling within the context of TCPA class action, where the statute mandates a minimum of $500 in statutory damages per violation. 47 U.S.C. § 227(b)(3); *see also Kohen*, 571 F.3d at 677-78 ("When the potential liability created by a lawsuit is very great, even

5

though the probability that the plaintiff will succeed in establishing liability is slight, the defendant will be under pressure to settle rather than to bet the company, even if the betting odds are good.").

Here, Plaintiff's class definition is so overbroad as to trigger the Eleventh Circuit's warnings. Indeed, Plaintiff's Class impermissibly includes all individuals who received a prerecorded telemarketing call, regardless of whether they issued prior express consent. This class also seeks to expand its temporal reach outside the TCPA's four-year statute of limitations by seeking to also include the time between Plaintiff's filing of his initial complaint and trial. As such, Plaintiff's proposed class erroneously includes an unspecified number of individuals who lack viable claims against Alleviate and must therefore be stricken.

        **1.     Plaintiff's Class Is Overbroad Because It Includes Those Who Consented To Be Called.**

47 U.S.C. § 227(b)(1)(A) excludes from liability calls using an automatic telephone dialing system or an artificial or prerecorded voice for which the caller "made with the prior express consent of the called party[.]" *See also* 47 C.F.R. § 64.1200(a)(1) (same). Consumers who receive such calls therefore lack standing to allege violations of these provisions. *See Chavez v. Advantage Grp.*, 959 F. Supp. 2d 1279, 1281 (D. Colo. 2013) (finding that plaintiff expressly consented to be contacted via ATDS and dismissing plaintiff's TCPA claims); *Montanez v. Future Vision Brain Bank, LLC*, 536 F. Supp. 3d 828, 835-36 (D. Colo. 2021) ("[S]omeone who has requested to be contacted through text messaging by a company cannot later claim that she is injured by such contact. If that is the only alleged injury, standing would be dubious.") (alteration added).

Accordingly, courts properly reject class definitions where issues of consent are present. *See Ung v. Univ. Acceptance Corp.*, 319 F.R.D. 537, 543 (D. Minn. 2017) ("[T]he issue of consent makes it nigh impossible to determine the members of the putative class without a member-by-

member analysis and individualized proof….The 'disparate factual circumstances' regarding each class member's consent simply 'prevents the class from being cohesive and thus [renders] it unable to be certified under Rule 23(b)(2).'"); *Brown*, 2024 WL 3367536 at *8-9 (finding that the plaintiff's class to be flawed because it included individuals who may have consented to receiving calls from the defendant, thereby diminishing standing under the TCPA); *see also Martinez v. TD Bank USA, N.A.*, 2017 WL 2829601, at *12 (D.N.J. June 30, 2017) (holding that a TCPA class was not ascertainable because it would require mini trials to identify individuals who did not provide prior express consent); *see also Warnick v. Dish Network LLC,* 301 F.R.D. 551, 559 (D. Colo. 2014) (denying class certification in a TCPA case and finding that the class was overbroad and not sufficiently ascertainable where, among other problems, one sub-class included persons called with consent); *Jamison v. First Credit Servs.*, 2013 WL 387217, at *8 (N.D. Ill. July 29, 2013); *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 235 (S.D. Ill. 2011) (finding that because the inclusion of a substantial number of people who voluntarily provided their phone numbers to receive commercial calls rendered the proposed class "overbroad and the class unfit for certification").

Plaintiff's Class includes all persons in the United States to whom Alleviate or its agent placed a prerecorded call, without regard to whether they issued prior express consent to be contacted. As such, this proposed class includes an indefinite swath of individuals who lack viable claims against Alleviate and who will lack standing. And where class members lack viable claims, a class is overly broad and properly stricken. *See*, *e.g.*, *Walewski*, 502 F. App'x at 861; *Faulhaber*, 656 F. Supp. 3d at 1273.

7

### 2. Plaintiff's Class Is Overbroad Because It Seeks to Expand the Class Period Beyond the Four-Year Statute of Limitations for TCPA Claims.

It is fundamental that "TCPA claims are subject to a four-year statute of limitations." *Santiago v. Merriman River Assocs., LLC*, No. 3:17-cv-2054-VAB, 2018 WL 2465358, at *8 (D. Conn. June 1, 2018) (citing *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013); *see* 28 U.S.C § 1658(a) (providing the four-year statute of limitations). As such, "any claim arising more than four years before the filing of the initial complaint would be time-barred." *Id.* (granting defendant's motion to strike class as to time-barred claims). And since time-barred claims cannot be maintained as a matter of law, class allegations including these claims are properly stricken. *Id.* at *7 ("A court may, however, exercise its discretion to strike parts of a class allegation at the motion-to-dismiss stage if those claims could not be maintained as a matter of law.").

Despite this clear limitation, Plaintiff seeks to expand his Class to include claims that accrued four years prior to the filing of his initial Complaint and extending it out through trial, the date of which has not yet even been determined. This constitutes a clear ground for striking Plaintiff's Class definition.

### B. Plaintiff's Proposed Class Definition Is Unduly Vague.

"Courts have also rejected class definitions that are overly broad, amorphous or vague." *In re Fosamax Prod. Liab. Litig.*, 248 F.R.D. 389 (S.D.N.Y. 2008) (citing *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003); *Ligon v. City of New York*, 288 F.R.D. 72, 83 (S.D.N.Y. 2013) (amending a class definition because it was "too vague to enable a proper determination of who is a class member"); *W.R. ex rel. Joseph R. v. Conn. Dep't of Child. & Fams.*, 2004 WL 2377142 (D. Conn. Sept. 30, 2004) (denying class certification partly because the class definition was vague); *Wisdom v. Easton Diamond Sports, LLC*, at *6 (C.D. Cal. Feb. 11, 2019), *vacated and*

8

*remanded*, 824 F. App'x 537 (9th Cir. 2020) (granting motion to strike class allegations where the putative class definition was "vague and overbroad"); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015) ("Class definitions have failed [the ascertainability] requirement when they were too vague[.]") (alterations added). "Vagueness is a problem because a court needs to be able to identify who will receive notice, who will share in any recovery, and who will be bound by a judgment." *Mullins*, 795 F.3d at 660 (citing *Kent v. SunAmerica Life Ins. Co.*, 190 F.R.D. 271, 278 (D. Mass. 2000).

Here, Plaintiff's Class requires Alleviate or an agent acting on its behalf to have placed a call "using an *identical or substantially similar* pre-recorded message used to place the telephone call to Plaintiff." Compl. at ¶ 33, ECF No. 1 (emphasis added). It is simply unclear what makes a prerecorded message "substantially similar." As such, this definition is inherently flawed and will undoubtedly raise issues in ascertaining the class. *Mullins*, 795 F.3d at 659 ("[C]lasses that are defined too vaguely fail to satisfy the 'clear definition' component.") (alteration added). As such, it should be stricken.

**C.  Plaintiff's Class Is Not Defined Using Objective Criteria And Instead Depends Upon The Resolution of Merits-Based Inquiries.**

A class must be defined using administratively feasible and objective criterion. *See Warnick v. Dish Network LLC*, 301 F.R.D. 551, 556 (D. Colo. 2014) ("If the members of the class can be ascertained by reference to objective criteria, then the class is adequately defined.") (quoting *Edwards*, 2012 WL 4378219, at *4); *Warnick*, 301 F.R.D. at 556 ("If the court must undertake individualized inquiries in order to determine whether a person is a member of the class, the class is not appropriate."); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123-24 (9th Cir. 2017).

9

A class defined based upon the merits of a claim is simply not certifiable. *St. Louis Heart Ctr., Inc. v. Vein Centers for Excellence, Inc.*, No. 4:12 CV 174 CDP, 2017 WL 2861878, at *5-6 (E.D. Mo. July 5, 2017) (decertifying class where class was based on objective criteria and therefore, not ascertainable). This is so because merits determinations must not be made at the certification stage—yet a class defined based upon the merits of a claim assures that all members of a class have already won on a critical substantive issue. *MSP Recovery Claims v. Plymouth Rock Assur. Corp., Inc.*, 404 F. Supp. 3d 470, 485 (D. Mass. 2019); *see also Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (explaining that a "district court can consider the merits 'only' to the extent 'they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.'"). A class must therefore be ascertainable without inquiring into the merits of the case. *St. Louis Heart Ctr., Inc.*, 2017 WL 2861878 at *5 ("There is no objective criterion available to accurately identify potential class members, making the class unascertainable."); *Saf–T–Gard Int'l, Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312, 314 (N.D.Ill.2008); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997).

However, membership in Plaintiff's Class depends on whether a consumer received a "telemarketing" call. Compl. at ¶ 33, ECF No. 1. Therefore, to determine who is in the class, the Court would first need to review the contents of each call allegedly sent to class members to assess whether the calls constitute "telemarketing," as defined by 47 C.F.R. § 64.1200(f)(13). This is plainly a merits determination. *Massaro v. Beyond Meat, Inc.*, No. 320CV00510AJBMSB, 2021 WL 948805 (S.D. Cal. Mar. 12, 2021) (denying a motion to dismiss under 12(b)(1) because the court could not resolve the jurisdictional issue without also deciding the merits of the TCPA claim (i.e. whether a text message was set for a commercial purpose)); *Weister v. Vantage Point AI, LLC*,

10

2022 WL 3139373, at *7-8 (M.D. Fla. Aug. 3, 2022), motion to certify appeal denied, 2022 WL 7026495 (M.D. Fla. Oct. 12, 2022) (whether or not a call is "telemarketing" is a merits challenge); *Broking v. Green Brook Buick GMG Suzuki*, *5-6 (D.N.J. Aug. 22, 2017) (finding that the at-issue call from the defendant did not violate the TCPA because it did not constitute telemarketing); *Daniel v. Five Stars Loyalty, Inc*., 2015 WL 7454260, *6 (N.D. Cal. Nov. 24, 2015) (dismissing a complaint where the text sent by defendant did not violate the TCPA because it was not telemarketing); *Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc,* 2017 WL 4536422, at *2 (N.D. Cal. Oct. 11, 2017) ("If the text includes or introduces an advertisement or constitutes telemarketing, and was sent using any automatic telephone dialing system ('ATDS'), Plaintiff has adequately alleged a violation of the TCPA.") (internal quotations omitted).

Further, this merits determination is without purpose. Neither 47 U.S.C. § 227(b)(1)(A) or 47 C.F.R. § 64.1200(a)(1) require a call to constitute telemarketing to be considered a violation. Indeed, ***any*** call using an ATDS or an artificial or prerecorded voice that is made without prior express consent or for emergency purposes is a violation. *See* 47 U.S.C. § 227(b)(1)(A) (making it unlawful "to make ***any call*** … using any [ATDS] or an artificial or prerecorded voice") (alterations added) (emphasis added); 47 C.F.R. § 64.1200(a)(1) (prohibiting a caller from "initiat[ing] ***any telephone call*** … using an [ATDS] or an artificial or prerecorded voice") (alterations added) (emphasis added). Plaintiff's careless drafting in this definition only serves to amplify the confusion and vagueness of the Class.

Because Plaintiff's proposed class requires a merits-based determination, this Court should strike these class allegations at the outset—this class simply cannot be certified as defined.

11

**D.     Plaintiff's Proposed Class Lacks Commonality.**

The commonality requirement of Federal Rule of Civil Procedure 23 demands that there be "questions of law or fact common to the class." *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1268 (11th Cir. 2009). A class that lacks commonality is also not certifiable. *Ebert v. Gen. Mills, Inc*., 823 F.3d 472, 477-478 (8th Cir. 2016) ("Under Rule 23(a), a district court may certify a class only if it 'is satisfied, after a rigorous analysis,' that the four threshold requirements are met" which includes "commonality of legal or factual questions.") (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–15 (1997). Commonality requires more than simply whether class members have suffered a violation of the same provision of law. *Controllable On-Site Prot. Sec. Sys., Inc. v. Telular Corp*., No. 4:14CV00487 JM, 2016 WL 11778133, at *2 (E.D. Ark. Apr. 12, 2016) ("'Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury.' This does not mean merely that they have all suffered a violation of the same provision of law.") (quoting *Wal-Mart*, 131 S. Ct. at 2551); *see also* Herbert Newberg & Alba Conte, Newberg, Class Actions § 6.20, at 6–82 (3d ed. 1992) (noting that "[t]he plaintiff's allegations must indicate sufficiently that the adjudication of his or her claim will necessarily involve one or more common questions concerning persons similarly situated," and that class action pleadings "should not be merely conclusory"). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Messner v. Northshore Univ. Health Sys*., 699 F.3d 802, 815 (7th Cir. 2012) (quoting *Blades v. Monsanto Co*., 400 F.3d 562, 566 (8th Cir. 2005)). In other words,

12

there must be at least one "common contention" that "is central to the validity" of the claims and that can be resolved "in one stroke." *Wal-Mart*, 564 U.S. at 349.

In the instant case, Plaintiff's Class does not satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a) due to its overly broad definition. Indeed, the Class is overbroad because it includes individuals who gave prior express consent to be called and seeks to expand the class period beyond the four-year maximum. This broad class definition necessitates individualized inquiries for each member. Second, the class definition is vague. It is unclear what Plaintiff means by "substantially similar" prerecorded messages and this lack of clarity will lead to individualized issues between class members. Third and finally, Plaintiff's requirement that the calls be "telemarketing" calls asks the court to engage in a merits-based determination—one that is not relevant to the Section 227(b)(1)(A) claim at issue.

As a result, the Class fails to meet the commonality requirement under Federal Rule of Civil Procedure 23(a)—as it is impossible to resolve the critical issues common to all members "in one stroke." *Dukes*, 564 U.S. at 350.

## V.     CONCLUSION

For the foregoing reasons, Alleviate respectfully requests this Court strike Plaintiff's class allegations in the Complaint, ECF No. 1.

Dated: February 4, 2025

            TROUTMAN AMIN, LLP

            */s/ Jenniffer Cabrera*
            Jenniffer Cabrera (FBN 1034545)
            1825 NW Corporate Blvd, Ste. 100
            Boca Raton, Florida 33431
            400 Spectrum Center Dr., Ste. 1550
            Irvine, California 92618
            Telephone: 561-834-0883
            jenniffer@troutmanamin.com
            *Counsel for Defendant Alleviate Tax LLC*

## **CERTIFICATION**

   I hereby certify that on February 4, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

            */s/ Jenniffer Cabrera*
            Jenniffer Cabrera