UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**SHANE SCOFIELD,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ALLEVIATE TAX LLC**, a California Limited Liability Company,

    Defendant.
_____/

Case No. 1:24-cv-03231

## DEFENDANT ALLEVIATE TAX LLC'S MOTION TO STAY DISCOVERY

Defendant Alleviate Tax LLC ("Alleviate") respectfully moves this Court for an Order staying discovery pending the Court's ruling on Alleviate's Motion to Dismiss and Motion to Strike Class Allegations (the "Pending Motions") pursuant to Federal Rule of Civil Procedure 26(c).

As set forth below, Alleviate submits that this Court should stay discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in this action.

1

# MEMORANDUM OF LAW

## I.    INTRODUCTION

Alleviate contends that resolution of Alleviate's Motion to Dismiss and Motion to Strike Class Allegations (collectively, the "Pending Motions") will dispose of, or substantially narrow, the scope of claims in this action and therefore, this Court should stay discovery.

Plaintiff's Complaint cannot survive a motion to dismiss as it fails to plausibly allege a theory of direct or vicarious liability necessary to connect Alleviate to the at-issue call. Further, Plaintiff's proposed class is overly broad, lacks basic Rule 23(a) commonality and is therefore, facially uncertifiable in a way that discovery cannot cure.

In circumstances like this, a Court has discretion—and should exercise its discretion—to stay discovery. Neither Alleviate nor this Court should incur needless costs litigating this case unless, and until, Plaintiff can state facts worthy of redress. Here, good cause exists for a stay: Plaintiff stands to suffer no harm or prejudice from a stay to await the outcome of Alleviate's Pending Motions. Alleviate, however, faces significant burdens in incurring potentially needless time, expense, and effort in discovery that may prove unnecessary depending on the Court's rulings on the Pending Motions. Plaintiff has no urgent need for discovery until the Pending Motions have been decided; this case is at a nascent stage where no answer has been filed and no discovery has been taken or exchanged.

To protect the parties from incurring the significant burden and expense of discovery in a potentially moot action, Alleviate respectfully requests this Court to stay all discovery in this action, including pretrial deadlines, pending the Court's disposition of their Pending Motions.

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) allows a district court to stay discovery, providing that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "specifying terms, including time …, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(B) (alterations added).

The discretion to issue such a stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *McGinn v. El Paso County, Colorado.*, 640 F. Supp. 3d 1070, 1074 (D. Colo. Nov. 14, 2022) citing (*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Rigler v. Lampert*, 2016 WL 10576626, at *2 (D. Wyo. Apr. 5, 2016) ("In the Tenth Circuit, courts are given broad discretion regarding the boundaries of discovery that 'may be properly exercised to stay discovery pending a decision on a dispositive motion.'") (quoting *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010)). And when considering whether to issue a stay, courts consider the following factors:

> (1)     the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). *See also Gurrola v. Jefferson Cnty. Sheriff's Office*, 2021 WL 765363, at *2 (D. Colo. Feb. 25, 2021) ("In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action[.]") (citing *United Steelworkers of Am. v. Oregon v. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)) (alteration added).

3

### III.    A LIMITED STAY OF DISCOVERY UNTIL THE PENDING MOTIONS ARE RESOLVED IS WARRANTED.

#### A.    This Court Should Stay Discovery Until the Pending Motions Are Resolved Because the Pending Motions May Dispose Of The Case.

Pursuant to Rule 26, a court may stay discovery for "good cause." And while it is true that the pendency of a dispositive motion is generally not a sufficient reason to stay discovery, a Court may nevertheless stay discovery until the Court rules on a dispositive motion "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Landrith v. Kansas Attorney General*, No. 12-2161, 2012 WL 12827604, at *1 (D. Kan. June 18, 2012) (internal citation omitted); *Young v. Colorado Dep't of Corr.*, No. 1:23-cv-01688, 2024 WL 4581162, at *3 (D. Colo. Oct. 25, 2024) ("Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District, but 'good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party.'") (internal citations omitted).

This Court's ruling on Alleviate's Pending Motions may dispose of the entire case and are plainly meritorious. Specifically, Alleviate has filed a motion to dismiss on the grounds that Plaintiff failed to plead any plausible theory of liability connecting Alleviate to the allegedly prerecorded call at issue. Without this essential element, the case must be dismissed.

Alleviate also filed a motion to strike class allegations that may dispose of all class claims. In its Motion, Alleviate contends that Plaintiff's proposed class is facially uncertifiable for several reasons: i) it is unduly broad, ii) vague, iii) requires merits-based inquiries, and iv) simply cannot

4

satisfy commonality. As such, Plaintiff's class allegations are properly stricken. Resolution of this motion may entirely dispose of all putative class members' claims.

> **B.  A Limited Stay of Discovery Is Reasonable and Appropriate Because Commencement Of Discovery Would Significantly Burden the Parties And the Court.**

As noted, a stay is also warranted "where the facts sought through uncompleted discovery would not affect the resolution of the motion[] or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Landrith*, 2012 WL 12827604, at *1 (alteration added). That is plainly the case here.

Alleviate should not be subjected to the burden of producing discovery in this action while meritorious challenges to the sufficiency of Plaintiff's Complaint are outstanding. Since the Pending Motions will be determined based on the sufficiency of the pleadings and the class definitions alone, such discovery would not aid in their resolution. And the burden on Alleviate if the case proceeds needlessly is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every text message and call a defendant made during the class period. Because of this burden, the Court should stay discovery until it is determined which claims and parties are properly before the Court.

It certainly does not make any sense for the parties to engage in time-consuming and expensive discovery, when a ruling on Alleviate's Pending Motions could render those efforts

5

futile. Courts have agreed with this reasoning, finding a stay to be appropriate in similar circumstances. Indeed, the Southern District of Florida has explained that "[w]hen faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved." *Leace v. Gen. Motors LLC*, 2021 WL 2827759, at *2 (S.D. Fla. July 8, 2021) (staying discovery pending a motion to dismiss in a putative class action and citing Eleventh Circuit precedent); *Landrith*, 2012 WL 12827604, at *2 ("When faced with a broad complaint and multiple challenges to the legal sufficiency of such complaint, the Court may properly stay discovery and other proceedings contemplated by Fed. R. Civ. P. pending resolution of the legal challenges to the complaint.").

Absent a stay of discovery pending the outcome of these motions, Alleviate will be forced to expend considerable resources responding to Plaintiff's discovery requests. These expenses will have been incurred for naught if—or rather, when—Alleviate's Pending Motions are granted. Indeed, the Eleventh Circuit has counseled that "this is precisely when a stay of discovery is warranted." *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (referencing Eleventh Circuit precedent). To allow discovery to go forward only for Alleviate's Pending Motions to be granted in whole or in part would waste the time and resources of both parties and this Court.

Further, granting the instant motion will not prejudice Plaintiff or disrupt the Court's schedule. *See Theodore D'Apuzzo, P.A. v. U.S.*, No. 16-62769-Civ, 2017 WL 3098713, at *2 (S.D. Fla. Apr. 11, 2017) ("A brief stay of discovery will not cause any prejudice to [the plaintiff], who will have sufficient opportunity to conduct discovery if his claims advance.").

Given the circumstances, Alleviate's request for a stay of discovery is reasonable and appropriate, and granting this request will not prejudice the Plaintiff. On the contrary, proceeding with discovery of issues that may be irrelevant depending on the Court's resolution of Alleviate's Pending Motions would work to the detriment of both parties.

## IV. CONCLUSION

For the foregoing reasons, Alleviate respectfully requests this Court to stay discovery pending the resolution of their Pending Motions.

Dated: February 4, 2025

TROUTMAN AMIN, LLP

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera (FBN 1034545)
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
400 Spectrum Center Dr., Ste. 1550
Irvine, California 92618
Telephone: 561-834-0883
jenniffer@troutmanamin.com
*Counsel for Defendant Alleviate Tax LLC*

## CERTIFICATION

I hereby certify that on February 4, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera

## D. COLO. L. CIV. R. 7.1 CERTIFICATION

In accordance with the District of Colorado Local Civil Rule 7.1, I hereby certify that on February 4, 2025, I conferred with opposing counsel in good faith to resolve this matter. Opposing counsel indicated that Plaintiff opposes this Motion.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera