# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**SHANE SCOFIELD,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ALLEVIATE TAX LLC**, a California Limited Liability Company,

    Defendant.

_____/

Case No. 1:24-cv-03231

## DEFENDANT ALLEVIATE TAX LLC'S MOTION TO BIFURCATE DISCOVERY

Defendant Alleviate Tax LLC ("Alleviate") respectfully moves this Court for the entry of an order phasing discovery pursuant to Federal Rule of Civil Procedure 42(b). To effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff's individual claims, discovery should be conducted in three separate phases:

(1) Discovery into Plaintiff's individual claims;

(2) Discovery into the appropriateness of class certification if Plaintiff's claims proceed; and

(3) If a class is ultimately certified, merits discovery for the class.

1

## MEMORANDUM OF LAW

**I.      INTRODUCTION**

Plaintiff Shane Scofield's ("Plaintiff") Complaint, ECF No. 1, fails to plausibly plead a cognizable theory of liability connecting Alleviate to the prerecorded call he claims violates 47 U.S.C. § 227(b)(1)(A). Without connecting Alleviate to this alleged violation, Plaintiff's Complaint cannot stand and must be dismissed.

However, if Plaintiff's Complaint survives the pleadings stage, Alleviate respectfully requests that discovery into this matter be divided into three phases to account for the unusual setting of this lawsuit. In the first phase, discovery will be limited to the narrow issue of whether Plaintiff has a valid individual claim against Alleviate. If necessary, the second phase of discovery would be focused on broader issues of commonality ahead of a potential certification effort. A final phase, should it be necessary, would permit the individual merits of each member of a certified class to be explored.

Good cause exists to phase discovery in this manner because doing so would allow the Court to first resolve the merits of Plaintiff's individual claim and avoid burdensome class discovery if Plaintiff's claim proves meritless. Additionally, phasing class certification discovery from class merits discovery is critically important in TCPA cases where plaintiffs commonly (and improperly and needlessly) seek massive swaths of private consumer information on individuals who are not class members precertification.

Such productions impose a huge expense on TCPA defendants and also pose a clear and present danger to consumers who unknowingly have their private data released without notice. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and

2

burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

These concerns are particularly stark here because Plaintiff's Complaint already fails to plead sufficient facts to plausibly state a claim, and Plaintiff has already attempted to define a deficient class that can never be certified. There is good reason to believe, therefore, that this case will never get past the first phase (i.e., that Plaintiff will never be able to state and prove a meritorious claim against Alleviate). Allowing the case to proceed to non-phased class merits discovery, therefore, would result in the intrusion of privacy of potentially thousands of consumers who have not asserted any claim against Alleviate and have never received an illegal call. Relatedly, due process requires that Alleviate be able to conduct discovery related to the actual claims asserted by the members of the final certified class. Indeed, the Federal Rules of Civil Procedure governing class certification aim for certification to take place as early as practicable to ensure that principles of due process are satisfied. *See generally* Fed. R. Civ. P. 23.

Accordingly, Alleviate submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claims prove meritless and expedite the decision on class certification in accordance with Fed. R. Civ. P. 23.

## II.   RELEVANT FACTS

On November 21, 2024, Plaintiff filed the instant Complaint, ECF No. 1. In it, Plaintiff alleged that he received a call to his cell phone number, (970)-XXX-XXXX, on February 15, 2024, from caller ID number (706)-998-5526. Compl. at ¶¶ 17-22, ECF No. 1. Plaintiff states that he did not answer the call and instead received a pre-recorded voicemail from "Tax Relief Centre" that

asked him to call back at (888)-355-2972. *Id.* at ¶ 23. To identify the caller, Plaintiff allegedly dialed the callback number and was connected to a male agent who asked if he was interested in tax assistance services and who identified his company as Alleviate. *Id.* at ¶ 27.

Plaintiff claims that he did not consent to be called by Alleviate or to receive a prerecorded call and that he never did business with Alleviate. *Id.* at ¶¶ 16-21, 28-29. As a result, he claims that his privacy was violated, and that the use of his cell phone was impeded. *Id.* at ¶¶ 30-32. Based on these facts, Plaintiff seeks to represent the "TCPA Robocall Class" in pursing claims against Alleviate for violations of 47 U.S.C. § 227(b)(1)(A). *Id.* at ¶¶ 33, 48-52.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[.]" Fed. R. Civ. P. 42(b) (alterations added). This Rule grants district courts discretion to bifurcate discovery where appropriate—*i.e.*, where the movant demonstrates that the "interests favor separation of issues and the issues are clearly separable." *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1217-18 (D.N.M. 2016) (quoting *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003). And "bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

### IV. ARGUMENT

Separating the discovery periods into three distinct phases will allow the Court to reach determinations on substantive threshold issues that are integral to Plaintiff's claims before the parties engage in substantial class discovery.

4

    **A.**    **Phasing Individual Merits Discovery Will Promote Judicial Economy Because, If Plaintiff's Claim Fails, Then the Parties Can Avoid Resource-Intensive Discovery On The Merits Of The Proposed Class Claims.**

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *See, e.g., Methelus v. Sch. Bd. of Collier Cty.*, 2016 WL 8539815, at *1–2 (M.D. Fla. July 21, 2016) (recommending bifurcated discovery focusing on class issues while a motion to dismiss was pending), *report and recommendation adopted*, 2017 WL 1050374 (M.D. Fla. Mar. 17, 2017); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) (granting motion to bifurcate a Telephone Consumer Protection Act class action where minimal inconvenience was found to be "insufficient to outweigh the advantages potentially gained by resolving the individual claims at an early stage", and further noting that the "Plaintiff's arguments against bifurcation are unconvincing."); *Degutis v. Fin. Freedom LLC*, 2013 WL 10207621, at *1-2 (M.D. Fla. 2013) (finding bifurcation of class and merits discovery to be "appropriate").

Moreover, if the initial phase of discovery demonstrates that Plaintiff's claim fails or that Plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129 (D. Mass. Feb. 27, 2019), for example, the court bifurcated individual merits and class discovery because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims."

5

*Id.* at *2; s*ee also Kemen v. Cincinnati Bell Tel. Co.*, No. 22-cv-152, 2024 WL 3633333, at *2 (S.D. Ohio Aug. 2, 2024) (bifurcating discovery, noting that "[c]lass discovery is expensive and resource intensive. . .. And 'the need for class discovery may be eliminated if Defendant is able to demonstrate that the Named Plaintiff lacks viable individual claims.") (internal citations omitted).

Additionally, "class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims[.]" *Id.* (alteration added); *see also, e.g., DeLeon v. Time Warner Cable LLC*, 2009 WL 10674767, at *1 (C.D. Cal. Nov. 2, 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Gottlieb v. Amica Mut. Ins. Co.*, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021) (granting the request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 WL 413534, at *4–6 (D.N.J. Feb. 4, 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *5, *6 (N.D. Ill. July 19, 2018) (bifurcating discovery "where some limited, first-stage production could shave off substantial wasted efforts" on purported class claims and "perhaps…entirely forego class-wide discovery, saving resources and expense on all sides").

Phasing discovery would allow for the initial resolution of threshold matters in this action, which would impact Plaintiff's ability to maintain his present claims under the TCPA. *See* 47 U.S.C. § 227. Alleviate will also be prejudiced should the Court deny this motion and allow class-wide discovery to occur prior to, or simultaneously with, discovery into Plaintiff's individual

6

claim, as Alleviate would be forced to engage in unnecessary discovery that will likely turn out to be a waste of time, money, and resources when Plaintiff's claim is dismissed as meritless. Plaintiff will have succeeded in engaging Alleviate and this Court in burdensome class discovery when his underlying individual allegations are without merit. Phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed as a class action.

Moreover, as set forth more fully in Alleviate's Motion to Strike, Plaintiff's proposed class is facially uncertifiable. Indeed, it asks this Court to engage in substantive determinations on the merits, is vague, and extremely overbroad. It is therefore impermissible and must be stricken. As such, the resolution of the motion to strike may dispose of or substantially narrow Plaintiff's or the putative class members' claims. Commencing class discovery before this facially uncertifiable class is narrowed (or even eliminated) would be an unproductive and pointless exercise.

Alleviate therefore requests that discovery be phased, and the merits of Plaintiff's individual claims be resolved first, to allow the Court time to rule on Alleviate's Pending Motions and to allow the parties to resolve the merits of Plaintiff's individual claims before engaging the parties and this Court in unnecessary class discovery.

    **B.**    **If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Would Permit The Court To Determine The Propriety Of Class Certification Early.**

If Plaintiff's individual claim proceeds, Alleviate respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery may only occur if a class is certified. Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward

and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting*, LLC, 2017 WL 5075928, at *1 (N.D. Okla. Aug. 14, 2017); *See Nazario v. Sharinn & Lipshie, P.C.*, 2020 WL 205896, at *1 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency.").

In deciding motions to bifurcate merits discovery from class certification discovery, courts consider the following factors: (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion, *see Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, U.A.*, 77 F.R.D. 399, 402 (N.D. Ill. 1977); (2) economy, meaning "the potential impact a grant or denial of certification would have upon the pending litigation," *see Gonzalez v. Pepsico, Inc.*, 2007 WL 1100204, at *3 (D. Kan. April 11, 2007), and whether the definition of the class would "help determine the limits of discovery on the merits," *see Am. Nurses' Assoc. v. State*, 1986 WL 10382, at *3 (N.D. Ill. Sept. 12, 1986); and (3) severability, meaning whether class certification and merits issues are closely enmeshed. *Harris v. comScore, Inc.*, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012).

Here, if discovery is bifurcated in this manner, the Court will undoubtedly be in a superior position to make an early determination on the propriety of class certification as required by Federal Rule of Civil Procedure Rule 23. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make early class determination practicable"). Additionally, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [. . .] would frustrate the court's effort to

8

certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris*, 2012 WL 686709, at *3 (internal quotations omitted).

Similarly, economy favors bifurcation of merits and certification discovery, "as the limited statutory damages available to Plaintiffs are likely an insufficient motivation to litigate in the absence of class certification." *Id.* Thus, should the Court deny class certification, Plaintiff would have little incentive to continue the pending litigation. Finally, class merits and class certification discovery can be severed from one another without posing an undue burden on the parties or this Court.

To be absolutely clear, certification discovery would include all evidence necessary for Plaintiff to prove that the requirements of Rule 23 can be shown. However, it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff could inquire regarding Alleviate's do not call practices and policies. But he would not be permitted to obtain a list of all individuals who may have requested that calls cease. Similarly, he might inquire regarding where any numbers that were texted or called came from, but he would not be permitted to obtain the confidential names and phone numbers of class members pre-certification. This is so because these individuals are not yet parties to the case prior to certification. Once the case is certified—and all parties know exactly what the contours of the final class definition might be—the confidential records of individual class members might be safely identified, produced and analyzed ahead of trial.

Thus, good cause exists to phase class certification versus class merits discovery (if the class is certified), as doing so will compel Plaintiff to swiftly seek certification as Rule 23

9

contemplates, and limit discovery to issues pertinent to the certification effort—reserving class merits discovery until a class is certified.

## V.  CONCLUSION

For the foregoing reasons, Alleviate respectfully requests that the Court enter an Order phasing discovery in this matter pursuant to Federal Rule of Civil Procedure 42(b).

Dated: February 4, 2025

        TROUTMAN AMIN, LLP

        */s/ Jenniffer Cabrera*
        Jenniffer Cabrera (FBN 1034545)
        1825 NW Corporate Blvd, Ste. 100
        Boca Raton, Florida 33431
        400 Spectrum Center Dr., Ste. 1550
        Irvine, California 92618
        Telephone: 561-834-0883
        jenniffer@troutmanamin.com
        *Counsel for Defendant Alleviate Tax LLC*

## CERTIFICATION

I hereby certify that on February 4, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera

## D. COLO. L. CIV. R. 7.1 CERTIFICATION

In accordance with the District of Colorado Local Civil Rule 7.1, I hereby certify that on February 4, 2025, I conferred with opposing counsel in good faith to resolve this matter. Opposing counsel indicated that Plaintiff opposes this Motion.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera