# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**SHANE SCOFIELD,**  Case No. 1:24-CV-3231

    Plaintiff,

v.

**ALLEVIATE TAX LLC,**

    Defendant.
_____/

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The conference occurred on February 12, 2025. The following individuals participated:

Plaintiff:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018

Defendant:

Jenniffer Cabrera
Troutman Amin LLP
1825 NW Corporate Blvd – Suite 100
Boca Raton, FL 33431
(561) 834-0883

## 2. STATEMENT OF JURISDICTION

The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law, 47 U.S.C. § 227.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff:

Plaintiff Shane Scofield brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Alleviate Tax LLC made telemarketing calls using pre-recorded message. They did so and contacted individuals without their prior express written consent. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls. The Plaintiff further denies ever having consented to receive calls from the Defendant, including, but not limited to, through visiting the websites alleged below, or agreeing to arbitrate any claims against Alleviate.

### b. Defendant:

Defendant Alleviate Tax LLC ("Alleviate") helps millions of Americans plagued with tax debt to reach agreements with the IRS for much less than what was originally owed, thereby making it possible for them to pay off their debt. Additionally, Alleviate ensures that its customers become complaint with the IRS to avoid similar future issues. All in all, Alleviate has received numerous awards for its exceptional customer service, ethics, and as a company overall, and even more five-star reviews and happy customers.

2

**Error! Unknown document property name.**

Here, Plaintiff requested tax assistance from Alleviate by submitting his information via online consent forms on two websites, https://taxreliefwarehouse.online/ and https://repairandrelief.repair/form.php. The consent disclosures on both websites expressly indicate that by submitting the form, the user both consents to be contacted and agrees to the website's terms and conditions. The terms and conditions of both websites contain an arbitration provision stating that disputes "of any kind" are subject to binding arbitration. They also contain a class action waiver. As such, this case belongs in binding arbitration and should proceed on an individual basis.

As explicated in Alleviate's Motion to Dismiss, Plaintiff claims that Alleviate violated the TCPA by calling his phone and leaving a prerecorded message but fails to assert any plausible theory of direct or vicarious liability. As such, Plaintiff's claims should be dismissed.

Next, Plaintiff's TCPA Robocall Class is fatally flawed in a manner that discovery cannot repair. As explained in Alleviate's Motion to Strike Class Allegations, this class is extremely overbroad—it seeks to include individuals who lack standing because they gave prior express consent to be called. It also seeks to impermissibly expand the four-year statute of limitations for TCPA claims by including the time from the filing of the complaint through trial. This class is also vague, premising class membership on whether individuals received a call using "an identical or substantially similar prerecorded message used to place the telephone call to Plaintiff." Compl. at ¶ 33, ECF No. 1. It is unclear what makes a prerecorded message "substantially similar." The definition further requires this Court to engage in a merits-based determination of class membership by requiring the calls to be "telemarketing." *Id.* Because these many flaws will

undoubtedly cause this Court to engage in individualized inquiries to determine class membership, commonality cannot be satisfied, and the class cannot be certified.

### c. Other Parties:

None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- The Plaintiff has brought an action alleging violations of the TCPA.
- Defendant is a limited liability company.
- Plaintiff is a resident of this District.

## 5. COMPUTATION OF DAMAGES

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made to Plaintiff and Class members in violation of the TCPA. Plaintiff and the putative class were damaged because these calls caused them to have to take time from their day to attend to these unsolicited telemarketing calls and used minutes from their phone plans, among other things. Plaintiff seeks the maximum statutory damages under the TCPA for himself and the class.

Specifically, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call and text in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3). For all knowing and/or willful violations of the TCPA, Plaintiff and Class members are entitled to treble damages of up to $1,500 for each and every call, pursuant to 47 U.S.C. §

227(b)(3). Plaintiff also seeks an injunction prohibiting further conduct in violation of 47 U.S.C. § 227. Plaintiff reserves the right to supplement or amend these damage computations.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting**

January 27, 2025

**b. Names of each participant and party he/she represented.**

Anthony Paronich (Plaintiff)

Jenniffer Cabrera (Defendant)

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

March 10, 2025

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery:**

None.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed to electronic service of discovery documents as well as sharing responses to subpoenas obtained by either party without the need for a formal discovery request.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Undersigned counsel (after consultation with their respective clients) for the parties have

discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. The Plaintiff believes that some discovery is required to evaluate the likely outcome of the claim and explore the affirmative defenses lodged in anticipation of a class wide mediation.

Alleviate contends that Plaintiff's claims should be promptly resolved in binding arbitration and should proceed in that forum on an individual basis as outlined in our forthcoming motion to compel individual arbitration.

## 7. CONSENT

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties do not anticipate serving any more than twenty-five (25) interrogatories or ten (10) depositions as provided by the Federal Rules of Civil Procedure.

**Error! Unknown document property name.**

     b.    **Limitations which any party proposes on the length of depositions.**

None, other than what is permitted under the Federal Rules.

     c.    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties do not anticipate serving any more than twenty-five (25) of each.

     d.    **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

June 27, 2025

"Other Planning or Discovery Orders: No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall comply with Magistrate Judge Starnella's Discovery Dispute Procedures as outlined in the Uniform Civil Practice Standards of the United States Magistrate Judges regarding the issue. Both of these steps must be completed before any contested discovery motions will be adjudicated by the Court."

     e.    **Other Planning or Discovery Orders**

The parties anticipate submitting a Proposed Protective Order, if one is needed, by May 12, 2025.

The parties have also agreed that the Plaintiff's deadline to file a class certification motion is October 24, 2025.

**Stay/Bifurcation of Discovery**

**Plaintiff's Position:**

The Plaintiff opposes any bifurcated or stay of discovery. Bifurcation of discovery is often "counterproductive." MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation almost guarantees

**Error! Unknown document property name.**

that the parties will need to duplicate their work and the Defendant can pursue its chosen defenses presented here through discovery. The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

There is also real risk that the requested stay will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue." As a result,

8

**Error! Unknown document property name.**

courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Abramson v. All American Power and Gas PA, LLC,* Civil Action No. 2:20-cv-1173 (W.D. Pa. September 9, 2020); *Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery.

**Defendant's Position:**

Alleviate proposes a stay of discovery pending the resolution of its dispositive Motion to Dismiss and Motion to Strike Class Allegations (the "Pending Motions"). ECF Nos. 15-17. Additionally, as explained above, Alleviate is entitled to compel Plaintiff to binding arbitration because Plaintiff agreed to an arbitration provision when he submitted his consent on two separate websites and accepted the terms and conditions. Alleviate faces significant burdens in incurring potentially needless time, expense, and effort in discovery that may prove unnecessary depending on the Court's rulings on the Pending Motions. Plaintiff has no urgent need for discovery until the Pending Motions have been decided; this case is at a nascent stage where no answer has been filed and no discovery has been taken or exchanged.

Alleviate also proposes that bifurcating discovery in three phases is appropriate: (1) individual discovery; (2) class certification discovery; and (3) class merits discovery. ECF No. 18.

9

To support the preservation of evidence, Alleviate has in place a litigation hold preserving all relevant electronically stored evidence, thereby granting Plaintiff the peace of mind that all relevant evidence will still be available throughout each phase. *Franklin v. Stephenson*, No. 20-cv-0576, 2022 WL 6225303, at *8 (D.N.M. Feb. 16, 2022) ("A litigation hold, or preservation order, is often the most appropriate mechanism to ensure potentially relevant documents and information are not lost deliberately or unintentionally.") (internal citation omitted); *Othart Dairy Farms, LLC v. Dairy Farmers of Am., Inc.*, No. 22-cv-0251, 2022 WL 2966615, at *5 (D.N.M. July 27, 2022) (finding a litigation hold sufficient to preserve evidence). As such, phasing discovery would allow the Court to first resolve the merits of Plaintiff's individual claim and avoid burdensome class discovery if Plaintiff's claim proves meritless. Phasing class certification discovery from class merits discovery is critically important in TCPA cases where plaintiffs commonly seek massive swaths of private consumer information on individuals who are not class members prior to class certification.

## 9. CASE PLAN AND SCHEDULE

    **a.** **Deadline for Joinder of Parties and Amendment of Pleadings:**

April 25, 2025.

    **b.** **Discovery Cut-off:**

March 9, 2026

    **c.** **Dispositive Motion Deadline:**

April 6, 2026

        **d.** **Expert Witness Disclosure**

**Error! Unknown document property name.**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

The Plaintiff anticipates using expert testimony to identify putative class members.

Alleviate anticipates using expert testimony for several reasons: to establish Plaintiff and putative class members' consent, data analysis, individualized issues among putative class members, rebuttal testimony.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

None.

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** September 12, 2025.

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** October 10, 2025.

e. **Identification of Persons to Be Deposed:**
   1. Plaintiff:

Shane Scofield
30(b)(6) Witness of Alleviate Tax
Defendant's phone carrier(s).
Any expert endorsed by either party.

   2. Defendant Alleviate:

Shane Scofield
Any third party associated with Plaintiff's lead and consent.
Alleviate Tax representative.
Any expert endorsed by either party.
Plaintiff's phone carrier.
Putative class members.
Any other person(s) with relevant information.

### 10. DATES FOR FURTHER CONFERENCES

11

**Error! Unknown document property name.**

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b. Anticipated length of trial and whether trial is to the court or jury.**

The Plaintiff has made a demand for trial by jury and he believes that the trial will take 5 days.

Alleviate estimates that trial will take two weeks.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20<u>25</u>.

BY THE COURT:

_____
United States Magistrate Judge

TROUTMAN AMIN, LLP
*/s/ Jenniffer Cabrera*
Jenniffer Cabrera
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
Telephone: 561-834-0883
jenniffer@troutmanamin.com

*Counsel for Defendant Alleviate Tax LLC.*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
617-485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

*Counsel for Plaintiff*

Andrew Roman Perrong
Perrong Law LLC
2657 Mt. Carmel Avenue

Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com
*ATTORNEY TO BE NOTICED*

*Counsel for Plaintiff*