**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

SHANE SCOFIELD,                                    **Case No. 1:24-CV-3231**

       Plaintiff,

v.

ALLEVIATE TAX LLC,

       Defendant.

_____/
_____

**PLAINTIFF'S OPPOSITION TO THE**
**DEFENDANT'S MOTION TO STAY OR BIFURCATE DISCOVERY**

The Court should deny Defendant Alleviate Tax LLC's ("Alleviate" or "Defendant") motions to stay or bifurcate (ECF Nos. 16-18) in all respects because staying or bifurcating discovery in this case will be inefficient and prejudicial. Indeed, this Court has *already denied* these motions through the entry of a Scheduling Order following oral argument on the Defendant's request to stay or bifurcate. (ECF No. 25). However, to be clear that these motions are opposed, the Plaintiff files this brief response.

### I.    A Stay Would be Prejudicial to Plaintiff

"If a stay of discovery had been sought, it likely would have been denied, as the normal practice in this district is not to stay discovery pending decision a dispositive motion. *See Aspen Corporations, Inc. v. Gorman*, 18-cv-01325-CMA-SKC, 2019 U.S. Dist. LEXIS 9207, 2019 WL 266313 (January 18, 2019) (denying stay of proceedings while motion to dismiss for lack of personal jurisdiction is pending, explaining that "stays are the exception in this judicial district,

89741533.2

not the rule"); *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ('This District generally disfavors stays of discovery.')" S*ebastian v. GreenLink Int'l, Inc.,* 2021 U.S. Dist. LEXIS 236572, *3-4 (D. Co. 2021).

Defendant has failed to carry its heavy burden to to justify a stay of discovery. Defendant asserts that a stay is warranted because a resolution of its pending motion to dismiss and to strike class allegations because it may win. This does not constitute good cause to justify a stay. Indeed, "had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 U.S. Dist. LEXIS 98963, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017). Moreover, Defendant's pending motions are not likely to succeed in any event.

Defendant's Motion to Dismiss (ECF Nos. 115) ignores allegations in the complaint that must be taken as true and asks the Court to draw unreasonable inferences in Defendant's favor instead of reasonable inferences in Plaintiff's favor, as is required, and it argues that Plaintiff fails to link the Defendant to the pre-recorded calling at issue, but the Plaintiff's complaint plainly alleges that after receiving the pre-recorded message at issue (which went right to his voicemail) he called the number back at issue and "Alleviate Tax" was explicitly identified. *See* ECF No. 1 at ¶ 27. The Defendant's motion to strike class allegations (ECF No. 16) fares no better because such motions at the pleadings stage are premature and are rarely granted, and Defendant offers no reason why its motion should be treated any differently. Granting either motion will not dispose of this case or narrow any issues. Thus, a stay of discovery would serve no purpose other than to cause unnecessary delay and prejudice Plaintiff's ability to prosecute her case.

89741533.2

A delay from a stay of discovery would in fact prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *See, e.g.*, *Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at \*4-5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at \*4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *See, e.g.*, *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at \*2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As such, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See, e.g.*, *Cooley v. Freedom Forever LLC et. al*., No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer*

3

*Services, Inc., et al.*, No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014).

Plaintiff will also be prejudiced by a stay because, "with the passage of time, the memories

of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or

documents may become lost or inadvertently destroyed." *Sanaah v. Howell*, 2009 No. 08-cv-

02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009).

By contrast, Defendant will not be prejudiced at all if Plaintiff is permitted to proceed with

discovery in the ordinary course. As another federal court explained in denying a motion to stay

discovery in a TCPA case:

> In addition, [defendant] has not demonstrated irreparable injury; it notes only that
> it is potentially on the hook for substantial damages, given the putative nationwide
> class. Monetary damages, of course, do not by themselves constitute irreparable
> injury. [plaintiff], on the other hand, persuasively argues that she would be injured
> by a stay, particularly because discovery has yet to commence, and evidence is at
> risk of being lost. This injury, which is both likely and irreparable, far outweighs
> the injury posed by a potential future judgment for money damages.
>
> *            *            *
>
> In the meantime, it is clear that critical evidence, including records from any third
> parties that [defendant] may have contracted with for its telephone marketing, may
> be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-

22 (S.D.N.Y. Aug. 19, 2019).

## II.     The Defendant's Suggested Trifurcation of Discovery Would be Inefficient and Prejudicial

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation

(Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here, especially because the

89741533.2

Defendant seeks *three* phases of trifurcated discovery. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the individual claim of the Plaintiff. Then, Defendant would file a dispositive motion to Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification and/or class merits issues, as well as the remaining issues on the Plaintiff's individual claim. And after that, there would be a second round of dispositive motions on the class claims. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, No. 3:cv-14-0282, 2014 U.S. Dist. LEXIS 130308, \*10 (W.D. Pa. Sept. 15, 2014).

The Court should deny Defendant's motion to bifurcate for this reason alone. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, No. 14-1053, 2014 U.S. Dist. LEXIS 203680, \*4 (W.D. Pa. Oct. 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in

5

this case.").

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification.   Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action and explaining that "bifurcation would have the opposite effect [of "promot[ing] judicial efficiency or a prompt resolution of the case"]."); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, No. 8:10-cv-2008, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("[T]he line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a

89741533.2

> plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023). Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025)[1] (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023)[2]; *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018)[3] ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in yet another TCPA case, "Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

Indeed, as another Court in Texas held on March 19, 2025 while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between

---

[1] A copy of this unpublished decision is attached herein as Exhibit 6.
[2] A copy of this unpublished decision is attached herein as Exhibit 7.
[3] A copy of this unpublished decision is attached herein as Exhibit 8.

89741533.2

merits and class certification discovery in a TCPA case while providing an overview of relevant

case law:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

> In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

> Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

8

89741533.2

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same. Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. Nov. 29, 2004) (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, No. 01-CIV-0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").

And because, like a stay, bifurcation would delay discovery necessary to demonstrate the classes' claims, it would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *See, e.g.*, *Saleh*, 2018 U.S. Dist. LEXIS 36764, at *4-5.

89741533.2

## CONCLUSION

The Court should therefore deny the Defendant's motions to stay or bifurcate in all respects.


Dated: April 23, 2025


                                */s/ Anthony Paronich*
                                Anthony Paronich
                                Email:  anthony@paronichlaw.com
                                PARONICH LAW, P.C.
                                350 Lincoln Street, Suite 2400
                                Hingham, MA 02043
                                Telephone:  (617) 485-0018
                                Facsimile:  (508) 318-8100

89741533.2