UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**SHANE SCOFIELD,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ALLEVIATE TAX LLC**, a California Limited Liability Company,

    Defendant.
_____/

Case No. 1:24-cv-03231

**DEFENDANT ALLEVIATE TAX LLC'S REPLY IN SUPPORT
OF ITS MOTIONS TO BIFURCATE AND STAY DISCOVERY**

Defendant Alleviate Tax LLC ("Alleviate") respectfully submits this Reply in Support of its Motion to Bifurcate Discovery, ECF No. 18, and its Motion to Stay Discovery, ECF No. 17.

**I.  INTRODUCTION**

Plaintiff's flawed Opposition to Alleviate's Motions to Bifurcate and Stay Discovery, advances two arguments: (1) that a stay of discovery would prejudice him; and (2) that bifurcated discovery would be inefficient and prejudicial. *See generally* Plf.'s Opp'n, ECF No. 33. Both arguments fail.

First, Plaintiff will suffer no prejudice from a stay of discovery; in fact, it is Alleviate who faces significant and undue prejudice if forced to engage in expansive class discovery without a factual basis for liability. Despite Plaintiff's sweeping allegations, not a single shred of evidence has connected Alleviate to the call at issue. Plaintiff has issued multiple third-party subpoenas in an apparent fishing expedition, yet none of them have yielded any link between Alleviate and the alleged conduct. Indeed, Alleviate remains entangled in this lawsuit solely because it operates in

1

an industry similar to the one implicated in the complaint. Further, Alleviate has maintained a robust electronically stored information ("ESI") hold from the outset of this litigation, eliminating any concern that evidence may be lost or destroyed.

Furthermore, bifurcated discovery focusing initially on Plaintiff's individual claim would be efficient and protect Alleviate from unnecessary and burdensome class discovery, particularly as Plaintiff's claim is destined to fail. Courts within this Circuit find bifurcated discovery to be appropriate and efficient. *See infra*, at 7 (collecting cases).

Accordingly, Alleviate respectfully requests a stay or bifurcation of discovery in this matter given the current posture of the case.

II.     **ARGUMENT**

   A.     **A Limited Stay of Discovery Pending the Resolution of Alleviate's Dispositive Motions is Appropriate and Will Not Prejudice Plaintiff.**

At the outset, Plaintiff claims that Alleviate's Motion to Stay must be denied because stays are not granted as a matter of course within this District. *See* Plf.'s Opp'n 1-2, ECF No. 33. This is misguided. While a stay of discovery pending the resolution of a dispositive motion is certainly not automatic, they are nevertheless granted when appropriate. *See, e.g., String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (staying discovery for thirty days pending a motion to dismiss); *Davidson v. Bank of America N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *2 (D. Colo. Sept. 16, 2015) ("[I]t is more convenient for the court to stay discovery until it is clear that the case will proceed."); *Abdulmutallab v. Sessions*, No. 17-cv-02493-RM-KMT, 2018 WL 11225175, at *2 (D. Colo. Feb. 8, 2018) (staying discovery pending rulings on motion to dismiss and motion for partial summary judgment); *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL 1801981,

2

at *3 (D. Colo. May 17, 2012) ("Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed. Thus, despite the District's general policy disfavoring a complete stay of proceedings, a stay may be appropriate of resolution if a preliminary motion may dispose of the entire action.") (citing *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYDKLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010)). This case presents this Court with an appropriate opportunity to issue a stay.

Plaintiff's claim that he will be prejudiced by a brief stay of discovery is overblown. *See* Plf.'s Opp'n 3, ECF No. 33. First, Alleviate is a sophisticated party that has had an ESI hold in place since the commencement of this litigation, thereby ensuring that all relevant records will be preserved. This Court has found such measures sufficient. *See Edwards*, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012) (explaining that the defendant's litigation hold "should alleviate Plaintiff's concerns regarding the diminishment of relevant discovery[.]"). What's more, none of Plaintiff's authorities finding destruction of evidence to be an issue mention that the defendant has a litigation hold in place. *See Saleh v. Crunch, LLC*, No. 17-62416-Civ, 2018 WL 11264884, at *1-2 (S.D. Fla. Feb. 28, 2018) (omitting mention of a litigation hold); *Lathrop v. Uber Techs., Inc.*, No. 14-CV 05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (same); *Simon v. Ultimate Fitness Grp., LLC*, No. 19 Civ. 890, 2019 WL 4382204, at *7 (S.D.N.Y. Aug. 19, 2019) (same).[1]

---

[1] Plaintiff's case law on prejudice and destruction of evidence is inapposite. *See Saleh v. Crunch, LLC*, No. 17-62416-Civ, 2018 WL 11264884, at *1-2 (S.D. Fla. Feb. 28, 2018) (denying a stay pending a Ninth Circuit appeal, the decision of which "will not define the rights of both parties nor [] automatically moot this case."); *Lathrop v. Uber Techs., Inc.*, No. 14-CV 05678-JST, 2016 WL 97511, at *1 (N.D. Cal. Jan. 8, 2016) (ruling on a motion to stay *proceedings*); *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification because "Fax.com apparently went out of business and ceased its participation in this litigation"

And though Plaintiff relies heavily on *Simon* to prove prejudice, this reliance is misplaced. *See* Plf.'s Opp'n 4, ECF No. 33 (quoting *Simon*, 2019 WL 4382204, at *7). In *Simon*, the defendant sought a stay of the action pending new FCC rules that may alter the TCPA's definition of an autodialer. *Id.* at *2. Ultimately, this stay was denied **not** because the District generally dislikes staying proceedings, but because the defendant "ha[d] not made *any* showing—let alone a strong one—that any ruling by the FCC would likely exclude the device used by [defendant] to spam [plaintiff], so as to enable it to succeed on the merits." *Id.* at *7. The court also explained that the defendant "ha[d] not demonstrated irreparable injury; it note[d] only that it is potentially on the hook for substantial damages, given the putative nationwide class." *Id.* "Monetary damages," the court concluded, "do not by themselves constitute irreparable injury." *Id.*

This case is **entirely dissimilar** to the one at bar. First, it is a Second Circuit case, so it is merely persuasive and not mandatory authority. Second, the case never indicates that the defendant had a litigation hold in place to preserve evidence, as Alleviate does here. Third, the *Simon*

---

and it was "the only source of critical information regarding the identity of those who received the facsimile transmissions, as well as those that may have consented to the transmissions."); *Pasco v. Protus IP Sols., Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting summary judgment for defendant Protus on the grounds that "[t]he Plaintiffs apparently never sought the requisite Canadian court order, and consequently have no transmission data on which to support their claims that Protus sent them the unsolicited faxes at issue in this litigation."); *Cooley v. Freedom Forever LLC*, No. 2:19-cv-562 (D. Nev. July 19, 2019), ECF No. 37 (lifting discovery stay "in order to name the John Doe party prior to the [] deadline to comply with Federal Rule of Civil Procedure 4(m)[.]"); *Cooley v. First Data Merch. Servs., LLC*, No. 19 cv-1185 (N.D. Ga. July 9, 2019), ECF No. 32 (allowing plaintiff to serve limited discovery on newly identified John Doe company); *Sanaah v. Howell*, No. 08–cv–02117–REB–KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009) (denying motion to stay pending motion to dismiss where "Defendants' qualified immunity defense is not particularly well developed or compelling on its face" and "Defendants do not suggest any undue burden[.]"). These cases are irrelevant to the issues present—destruction of evidence is simply not an issue.

4

defendant sought a stay of proceedings to wait for an anticipated FCC ruling, whereas Alleviate does so pending resolution of its dispositive motions. And while the *Simon* defendant failed to show that the FCC ruling would alter the outcome of its claims, Alleviate has no such issue. As explained in Alleviate's Rule 12(b)(6) Motion to Dismiss, ECF No. 15, Plaintiff's Complaint fails to plead a cognizable theory of liability connecting Alleviate to the prerecorded call at issue. To date, Plaintiff has been unable to connect Alleviate to any claim, despite engaging in preliminary discovery involving several third-party subpoenas.

Contrary to Plaintiff's contentions, Alleviate **will certainly** be prejudiced if discovery proceeds in the ordinary course. *See Edwards*, 2012 WL 1801981, at *3. Like in *Edwards*, Plaintiff claims that the substantial damages Alleviate faces do not constitute prejudice. Plf.'s Opp'n 4, ECF No. 33 (quoting *Simon*, 2019 WL 4382204, at *7). This Court explained that while it is true "that the ordinary burdens associated with litigating a case do not constitute undue burden, complying with Plaintiff's discovery requests would impose on Defendants more than the ordinary burdens of litigation. Plaintiff seeks discovery regarding his class claims, which … is likely to be significant[.]" *Edwards*, 2012 WL 1801981, at *3 (citing *Collins v. Ace Mortg. Funding LLC*, No. 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008)). Ultimately, this Court found that this burden "outweighs Plaintiff's interest in proceeding expeditiously with his case" and granted a stay of discovery. *Id.* Here, too, Plaintiff's class allegations impose more of a burden on Alleviate than an individual lawsuit, especially where Alleviate may not even be the appropriate defendant. As such, a stay of discovery is necessary.

  **B.**  **Plaintiff is Incorrect—Phasing Discovery in this Matter Would Promote Efficiency and Lessen the Prejudice Already Facing Alleviate.**

Plaintiff claims that bifurcating discovery is duplicative and "counterproductive." Plf.'s Opp'n 4-5, ECF No. 33. Even if this were true (it is not), bifurcating discovery is especially appropriate in this case. As it currently stands, Plaintiff's Complaint fails to plausibly plead a theory of liability and despite serving several third party subpoenas, Plaintiff has been unable to confirm that Alleviate is the correct party to be named. Alleviate, for its part, has no record of the prerecorded call about which Plaintiff complains. As such, a critical threshold issue must be resolved: Whether Plaintiff has standing to sue Alleviate. Without bifurcated discovery, Alleviate may be forced to incur prohibitive litigation and discovery costs, to release wide-ranging private business records relating to Plaintiff's putative class, and to jeopardize the privacy of its consumers, all while this threshold issue hangs in the balance. These burdens remain even if Plaintiff's case is later held not to be viable.

However, if individual discovery is phased from class certification and class merits discovery, the parties can resolve the issue of Plaintiff's individual claim before inundating Alleviate with class-related discovery. Indeed, if Plaintiff is found not to have standing, his putative class cannot hold. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 354 n.6 (2016) ("'That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976)) (internal quotations omitted). Bifurcation in this instance would protect Alleviate from the *in terrorem* nature of class action discovery and the consumers it serves from the invasion of their privacy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (discussing the pressure caused by discovery costs in class

6

actions). Since Plaintiff's individual claims will likely fall, duplication of discovery is not a concern.

Overwhelmingly, courts state that they deny phased discovery to avoid refereeing disputes between the parties about what is discoverable in each phase. *See Hines v. Overstock, Com, Inc.*, No. 09-cv 991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[C]ourts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."). However, the distinction between the phases is easily clarified. Individual discovery is limited to that which is relevant only to Plaintiff's individual claim. Certification discovery looks to whether common practices exist, such as the use of the same system, processes, and the existence of data sets. Finally, merits discovery looks for specific evidence related to the merits of class members' claims, such as what calls were made to whom, when, and why.

Ultimately, Courts in the Tenth Circuit have found bifurcated discovery to be appropriate. *See Boulter v. Noble Energy, Inc.*, No. 20-cv-00861-WJM-KLM, 2020 WL 13568320, at *3-5 (D. Colo. Nov. 16, 2020) ("[T]he Court finds that principles of efficiency lead to the conclusion that discovery should be bifurcated as requested by Defendants …. Reaching a conclusion as to the merits of Plaintiffs' claims before proceeding to discovery regarding the proposed class and damages balances the twin considerations of allowing Plaintiffs' lawsuit to proceed to discovery while doing so in the most efficient way for all parties."); *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216, 1217-22 (D.N.M. 2016) (granting motion to bifurcate and stay discovery); *Horton v. Sw. Med. Consulting, LLC*, No. 17-CV-0266-CVE-mjx, 2017 WL 5075928, at *1 (N.D. Okla. Aug. 14, 2017) ("Courts often bifurcate discovery in class actions for the sake of efficiency …. In

this [TCPA] case, the Court agrees with defendants that bifurcation will be more efficient because class certification discovery should be straightforward and distinguishable from merits discovery.") (citing *Doe v. Unified Sch. Dist. No. 259*, No. 05-1151-JTM-2007 WL 1796202, at *1 n.6 (D. Kan. June 19, 2007)). This Court should bifurcate discovery in this matter to protect Alleviate from prejudice, undue burden, and invasion of privacy.

### III.   CONCLUSION

For the foregoing reasons, Alleviate respectfully requests this Court to grant its Motion to Bifurcate Discovery, ECF No. 18, and its Motion to Stay Discovery. ECF No. 17.

Dated: May 7, 2025

TROUTMAN AMIN, LLP

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera (FBN 1034545)
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
400 Spectrum Center Dr., Ste. 1550
Irvine, California 92618
Telephone: 561-834-0883
jenniffer@troutmanamin.com
*Counsel for Defendant Alleviate Tax LLC*

## CERTIFICATION

I hereby certify that on May 7, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera