UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**SHANE SCOFIELD,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ALLEVIATE TAX LLC**, a California Limited Liability Company,

    Defendant.
_____/

Case No. 1:24-cv-03231

### DEFENDANT ALLEVIATE TAX LLC'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS

Defendant Alleviate Tax LLC ("Alleviate") respectfully submits this Reply in Support of its Rule 12(b)(6) Motion to Dismiss, ECF No. 15.

**I.  INTRODUCTION**

In his Complaint and his Opposition to Alleviate's Motion to Dismiss, ECF Nos. 1, 37, Plaintiff argues that he has plausibly pleaded that Alleviate is directly liable for making the prerecorded call at issue, even though he has not established that Alleviate owns the phone number from which the call came. This is insufficient. Without connecting Alleviate to the phone number from which the call came, Plaintiff simply cannot establish direct liability.

Moreover, Plaintiff has had three months and sent six subpoenas to determine whether Alleviate is the proper defendant. Despite this relatively extensive preliminary discovery, Plaintiff has come up short—Alleviate has no affiliation with the parties to which the subpoenas are addressed or those mentioned in the answers to those subpoenas. Accordingly, Plaintiff's Complaint must be dismissed.

1

### II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE BASIS FOR LIABILITY AGAINST ALLEVIATE.

#### A. Plaintiff's Complaint Fails to Put Forth a Plausible Basis for Liability.

In his Complaint, Plaintiff claims to have received a single prerecorded voicemail from a 706 area code that identified "the Tax Relief Centre" and provided a callback number with an 888 area code. Compl. ¶¶ 14-32, ECF No. 1. Plaintiff allegedly called the callback number and was connected with a man who asked if Plaintiff was interested in tax services and identified his company as Alleviate Tax. *Id.* Despite Plaintiff's *own preliminary discovery* revealing that Alleviate had nothing to do with the calls, Plaintiff argues that this forms a sufficient basis for direct liability. Plf.'s Opp'n 3, ECF No. 37. That is simply not true.

The fact is, Plaintiff has failed to trace the 706-number back to Alleviate in the Complaint *and* in its preliminary discovery. As such, Plaintiff has yet to determine who actually contacted him. Even more concerning, Plaintiff tries to attach Alleviate to a call with a different phone number than the call that was made. Ultimately, that an Alleviate agent's number was left in a voicemail is insufficient to establish a Section 227(b) claim—Plaintiff must establish that Alleviate, or an agent working on its behalf, *made the call at issue.* See 47 U.S.C. § 227(b)(1)(A) (declaring it "unlawful for any person **… *to make*** any call … using … an artificial or prerecorded voice[.]") (emphasis added); *In re Joint Pet. Filed by Dish Network LLC for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 FCC Rcd. 6574, 6582-83 (2013) (putting forth grounds for direct and vicarious liability under the TCPA). Since Plaintiff has not done so, his Complaint is properly dismissed.

Plaintiff's authorities on this point are easily distinguishable. In *Consolidated Grain & Barge, Inc. v. Anny*, No. 11–2204, 11–2615, 2013 WL 486687, at *6 (E.D. La. Feb. 6, 2013), the court explained that "[t]he essential dispute … [was] whether [the plaintiff] was the injured party"—not whether the plaintiff named the proper defendant. This case is therefore misapplied.

Other cases cited by Plaintiff as establishing direct liability demonstrate a clear, direct link to the named defendant. For example, *Smith v. American-Amicable Life Insurance Company of Texas*, No. CV 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022) (emphasis added), is dissimilar because the "Plaintiff allege[d] that he was informed *on both* the prerecorded calls and the subsequent live calls that he was "speaking with [the defendant]," and he was directed to [the defendant]'s website during the second prerecorded call." Plaintiff mischaracterizes the *Smith* allegations as being "far less specific" than his own and intentionally leaves out these important details. Plf.'s Opp'n 9, ECF No. 37. While the *Smith* plaintiff was directly informed of the defendant's identity during each call, the voicemail here did not similarly identify Alleviate.

*Abramson* is also dissimilar. *See* Mem. Order Denying Mot. to Dismiss 3, *Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322 (W.D. Pa. Aug. 1, 2022). There, the plaintiff received a call containing a prerecorded message, he "'pressed one' as directed by the message in order to 'properly identify the calling party,' and was then transferred to an agent who … 'said he was calling with an offer to enroll the Plaintiff for an electric supplier named Josco Energy.'" *Id.* These allegations, taken as true, establish a direct connection between the call and the defendant. Here, however, Plaintiff was not on an active call, had no similar opportunity to identify the calling party, and received a generic voicemail.

3

Next, in *Vision Solar*, the plaintiffs "scheduled a meeting with the caller, and [] a representative of Vision Solar subsequently showed up to Plaintiffs' house and provided his business card." *Dudley v. Vision Solar, LLC*, No. 21-659, 2021 WL 3077557, at *4 (E.D. Pa. July 21, 2021). Because Vision Solar showed up for the prescheduled meeting, the court found direct liability to be plausible. *Id.* Here, however, Plaintiff has been unable to establish a similar connection between Alleviate and the prerecorded call—he has only shown that the *callback* number connected him to Alleviate. This is insufficient for direct liability.

And though Plaintiff attempts to distinguish *Childress v. Liberty Mutual Insurance Company*, No. 17-CV-1051, 2018 WL 4684209, at *1 (D.N.M. Sept. 28, 2018), he misses the mark. Indeed, Plaintiff does not "show[] that the Defendant here placed the calls at issue"—that's the crux of the issue. Plf.'s Opp'n 7, ECF No. 37. Rather, Plaintiff has been *unable* to establish this despite issuing six subpoenas in preliminary discovery. The Complaint is clear. Plaintiff allegedly spoke to an Alleviate agent because *Plaintiff* made the outbound call, not Alleviate. *See id.* At most, he establishes that the callback number given was that of an Alleviate agent—not that Alleviate made the call at issue.

Finally, *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 280 (S.D.N.Y. 2024) (emphasis added), is distinct for one important reason: the plaintiff called back "the phone number from which the robocall was *placed*" and was connected to the defendant. Plaintiff cannot draw a similar connection—he only called the callback number, which was different than the number from which the prerecorded message came.

In sum, Plaintiff's allegations fail to establish that Alleviate made the prerecorded call.

    **B.**    **Alleviate is Not the Proper Defendant and Plaintiff's Preliminary Discovery Confirms as Much.**

4

Since the beginning, Alleviate has maintained that it is not the proper defendant and appropriately informed Plaintiff. In fact, during the February 13, 2025, Scheduling Conference, Alleviate made the Court aware of this issue and conceded to Plaintiff's request for an extension to respond to Alleviate's motions until April 7, 2025. ECF Nos. 14-18, 22, 26. As Plaintiff proffered to the Court, the purpose of this extension was for Plaintiff to conduct preliminary discovery into whether Alleviate is the proper party.

Three months and six subpoenas later, Plaintiff *still* cannot establish that Alleviate is the proper defendant. Despite this, Plaintiff still endeavors to push his improper Complaint, along with his overbroad class allegations, beyond the pleadings stage and into discovery. Plaintiff's own authority confirms that on a motion to dismiss, "The issue is not whether a plaintiff will ultimately prevail but *whether the claimant is entitled to offer evidence to support the claims*[.]" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (emphasis added). Plaintiff has already engaged in three months of preliminary discovery and come up empty. Since Plaintiff cannot and has not established that Alleviate is the proper party to be named, he should not be entitled to continue his fishing expedition to offer evidence to support his claims.

### III. CONCLUSION

For the foregoing reasons, Alleviate respectfully requests that this Court grants its Motion to Dismiss, ECF No. 15.

Dated: May 12, 2025

                                                TROUTMAN AMIN, LLP

                                                */s/ Jenniffer Cabrera*
                                                Jenniffer Cabrera (FBN 1034545)
                                                1825 NW Corporate Blvd, Ste. 100
                                                Boca Raton, Florida 33431
                                                400 Spectrum Center Dr., Ste. 1550
                                                Irvine, California 92618
                                                Telephone: 561-834-0883
                                                jenniffer@troutmanamin.com
                                                *Counsel for Defendant Alleviate Tax LLC*

## **CERTIFICATION**

I hereby certify that on May 12, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera