UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**SHANE SCOFIELD,** individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ALLEVIATE TAX LLC**, a California Limited Liability Company,

    Defendant.
_____/

Case No. 1:24-cv-03231

### DEFENDANT ALLEVIATE TAX LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS

Defendant Alleviate Tax LLC ("Alleviate") respectfully submits this Reply in Support of its Motion to Strike Class Allegations, ECF No. 16.

### I.  INTRODUCTION

Plaintiff cannot establish his individual claim, let alone his class allegations. And Plaintiff's Opposition to Alleviate's Motion to Strike Allegations, ECF No. 36, falls short for a number of reasons.

First, Alleviate's Motion to Strike was properly raised at the pleadings stage because Plaintiff's class is uncertifiable, and Plaintiff misrepresents the authorities he relies on in arguing otherwise.

Second, had Plaintiff included facts *related to* consent without explicitly requiring class members not to have consented, Plaintiff could have excluded those without standing and avoided the creation of a fail-safe class. Instead, Plaintiff hopes to "deal with the consent issue through an analysis of the *Defendant's very own records*" but Alleviate has no records on this matter. Plf.'s

1

Opp'n 9, ECF No. 36. Notably, from the time Plaintiff filed his Complaint, ECF No. 1, Alleviate has maintained, and informed Plaintiff, that it does not have call records for Plaintiff because it is not the proper defendant.

Third, by tacking on the time from filing *up through trial*, Plaintiff's class violates the statute of limitations and includes individuals who are not yet class members. It is unclear why Plaintiff deems this acceptable.

Fourth, the determination of whether a prerecorded call is "substantially similar" to the only alleged by Plaintiff is vague and subjective. It is, therefore, incapable of objective determination.

Fifth, Plaintiff's Rule 12(g)(2) argument should be disregarded, as similar arguments often are. Alleviate has not caused any delay by filing separate motions on the same day within minutes of each other. Ironically, it was Plaintiff who requested an extension to respond to Alleviate's responsive pleadings and to conduct preliminary discovery into whether Alleviate is the proper party. However, ***three months and six subpoenas later,*** Plaintiff is still unable to establish that Alleviate is the proper defendant. So it is Plaintiff who has caused delay and an immeasurable amount of prejudice to Alleviate by refusing to dismiss this improper action.

Still, though Plaintiff's search has not revealed a plausible basis for liability for Plaintiff's *individual* claims, Plaintiff *continues* to press for discovery on an overbroad class. This is a prejudicial, unjust, and unabashed attempt to engage in a fishing expedition. This Court must strike Plaintiff's class allegations here and now.

II.     **ARGUMENT**

    A.     **Striking Plaintiff's Class Allegations at the Pleadings Stage is Not Only Appropriate, But Necessary.**

> **1. Alleviate's Motion to Strike was Brought at the Proper Time.**

Alleviate's Motion to Strike Class Allegations is simply not "premature." Plf.'s Opp'n 4, ECF No. 36. *See Cleary v. Whole Foods Mkt. Rocky Mtn./Sw. L.P.*, No. 15-cv-01247-MEH, 2016 WL 7048899, at *1 (D. Colo. Dec. 5, 2016) ("Although the Tenth Circuit has not articulated a specific standard for motions to strike class allegations, courts in this District and around the country have held that 'Rule 23 does not preclude a defendant from bringing a "preemptive" motion to deny class certification.'") (internal citations omitted). "[J]udges in this district have held that motions to strike class allegations are not inappropriate, but are subject to a high standard of proof." *Ramsay v. Frontier Inc.*, No. 19-cv-03544-CMA-NRN, 2020 WL 4557545, at *23 (D. Colo. July 30, 2020) (striking an overbroad class at the pleadings stage). And "it is appropriate to strike class allegations where 'it is apparent from the pleadings that the class cannot be certified or that the definition of the class is overbroad.'" *Faulhaber v. Petzl Am., Inc.*, 656 F. Supp. 1257, 1275 (D. Colo. 2023) (striking an overbroad class at the pleadings stage). Accordingly, Alleviate's Motion to Strike Class Allegations was brought at an appropriate time and, because Plaintiff's class definition is overbroad, it should be stricken.

Plaintiff's proffered authorities on this point are misplaced and misleading. For example, in *Heard v. Nationstar Mortgage LLC*, No. 16-cv-00694-MHH, 2018 WL 4028116, at *5 (N.D. Ala. Aug. 23, 2018), the court decided a motion for summary judgment and not a motion to strike class allegations. In deciding whether the defendant's technology constituted an autodialer, the court explained that it "must interpret the [TCPA] broadly." *Id.* However, Plaintiff insinuates that

3

this broad interpretation extends to class definitions on a motion to strike, which is plainly misleading.[1] This case may, therefore, be disposed of.

*Johnson v. Comodo Group, Inc.*, No. 16-4469, 2020 WL 525898, at *1 (D.N.J. Jan. 31, 2020), was also decided at a different procedural stage—the court decided on a motion for summary judgment, a motion to exclude the plaintiff's expert, and a motion for class certification. While the plaintiff certainly relied on an expert in support of the motion for class certification, this is typical. *See id.* at *9-11. The court determined whether to exclude the expert and whether to certify the class—nowhere in the case did the court state or insinuate that "identifying injured class members in a TCPA case is simply a matter of expert work[.]" Plf.'s Opp'n 6, ECF No. 36. This, too, is misleading.

*Hudson v. HomeAdvisor, Inc.*, No. 1:24-cv-01408-DDD-KAS, 2025 WL 829990, at *1-3 (D. Colo. Mar. 14, 2025), is also distinguishable. There, the plaintiff allegedly received a text message that explicitly identified the defendant. *Id.* at *1 ("Thanks for using HomeAdvisor! Reply HELP or call 800-266-8722. Msg&data rates may apply."). Whether the text message could be traced back to the defendant was not an issue raised. Here, however, the single prerecorded call Plaintiff claimed to have received did not identify Alleviate—it identified "the Tax Relief Centre." Compl. ¶ 23, ECF No. 1.

---

[1] Plaintiff also misquotes *Heard*. Compare Plf.'s Opp'n 5, ECF No. 36 ("Significantly, because 'the TCPA is "a consumer protection statute which is remedial in nature," this Court must interpret the statute broadly' **and certainly not allow it to be turned on its head and weaponized against consumers**.") (quoting *Heard*, 2018 WL 4028116, at *5) (emphasis added), *with Heard*, 2018 WL 4028116, at *5 ("Rather, because the TCPA is 'a consumer protection statute which is remedial in nature,' this Court must interpret the statute broadly.") (quoting *Carmichael v. Nissan Motor Acceptance Corp.*, 291 F.3d 1278, 1280 (11th Cir. 2002)).

Since it is clear at the outset that Plaintiff's class is not viable, it is in the interest of efficiency and economy to strike it now.

### 2. Plaintiff's Class Includes Individuals Who Consented to Be Called and Plaintiff Could Have Excluded These Individuals Without Creating a Fail-Safe Class.

Plaintiff's class is indeed overbroad and correcting this overbreadth to exclude individuals who consented would not result in a fail-safe class.[2] *See Hudson*, 2025 WL 829990, at *3 n.1 ("I have serious doubts, and am at this point somewhat puzzled by some of the cases Plaintiff cites that seem to suggest that a class is impermissibly 'fail-safe' unless it includes some members who might not be entitled to relief.")). Plaintiff could easily have included facts within the class definition that directly reference consent without specifically requiring class members not to have consented to be called. Indeed, a properly defined class typically accounts for issues of consent, or, as articulated by the court in *Gene & Gene LLC*, the plaintiff must offer "a generalized method of proof to establish lack of consent on a class-wide basis *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 338-339 (5th Cir. 2008). In contrast, where such common proof is lacking, courts consistently and promptly deny certification of TCPA class actions. *Ramsay*, 2020 WL 4557545, at *23; *Faulhaber,* 656 F. Supp. at 1275.

Finally, Plaintiff's claim that "the class definition is not overly broad because the Plaintiff will deal with the consent issue through an analysis of the *Defendant's very own records*" is absurd. Plf.'s Opp'n 9, ECF No. 36. As Alleviate continues to reiterate, it has no relevant records. Alleviate has no internal records related to Plaintiff or otherwise indicating that it was, in fact, the source of

---

[2] "It doesn't appear that the Tenth Circuit has addressed fail-safe classes." *Stallbaumer v. Nextera Energy Res., LLC*, No. 22-cv-04031-HLT-ADM, 2023 WL 3496245, at *12 n.17 (D. Kan. May 17, 2023).

the prerecorded call. Plaintiff has otherwise been unable to establish this through alternative means. As such, why would Alleviate have records showing that putative class members received the same or a similar call that Alleviate never made? This is nonsensical. Plaintiff's class allegations should be stricken forthwith.

### 3. Plaintiff's Class is Overbroad Because it Impermissibly Expands the Class Period.

Plaintiff is correct that "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Plf.'s Opp'n 10, ECF No. 36 (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)). However, he seems to misunderstand this principle and the issue presented by his class definition.

The Supreme Court makes it clear that this tolling rule functions to put the defendant on notice and promote essential fairness:

> The theory is that even if one has a just claim it is not unjust to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them. The policies of ***ensuring essential fairness to defendants*** and of barring a plaintiff who 'has slept on his rights,' are satisfied when, as here, a named plaintiff who is found to be a representative of a class commences a suit and thereby ***notifies the defendants*** not only of the substantive claims being brought against them, but also ***of the number and generic identities of the potential plaintiffs*** who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both ***the subject matter and size of the prospective litigation,*** whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors.

*Am. Pipe*, 414 U.S. at 554-55 (internal citations omitted) (emphasis added). Accordingly, a class period that ends on the day Plaintiff filed his Complaint and begins four years prior would put Alleviate on notice of the subject matter, size, and character of the class.

However, Plaintiff's extension of the class period "from four years prior to the filing of this Complaint through trial" deprives Alleviate of this notice. Compl. ¶ 33, ECF No. 1. By attempting to expand the class to encompass individuals who were called *after* the commencement of the litigation, Plaintiff makes it such that Alleviate is unable to determine the size of the class and the identities of its members because some of them have not joined the class yet. Alleviate cannot sufficiently be put on notice of an amorphous and expanding class containing future putative members. Plaintiff defies not just the statute of limitations for TCPA cases but the very policy considerations underpinning these limitations. His class allegations must therefore be stricken.

### 4. Plaintiff's Robocall Class is Vague and Indefinite.

It is foundational that a plaintiff's class definition must be sufficiently objective and definite for the court to ascertain who is a member. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015) ("Class definitions have failed [the ascertainability] requirement when they were too vague[.]"). However, the determination of whether an individual received a "substantially similar pre-recorded message" to Plaintiff is subjective and discretionary. Compl. ¶ 33, ECF No. 1. What makes a pre-recorded message similar as opposed to *substantially* similar? Are messages substantially similar by virtue of being pre-recorded? How is this level of similarity determined? The answer would vary depending on the person asked.

In his Opposition, Plaintiff correctly "posits that [Alleviate]'s argument would not have even been made if he had only used the word 'identical.'" Plf.'s Opp'n 11, ECF No. 36. This is true—the word "identical" is both definite and objective and may therefore be valid. Plaintiff's

7

justification of the vagueness and subjectivity of this language contradicts basic Rule 23 precedent. As such, the class allegations are deficient and should be stricken.

### B.  Alleviate's Motion is Procedurally Proper.

Plaintiff's argument that Alleviate's Motion to Strike, ECF No. 16, is "procedurally improper" is a desperate attempt to shield his class definition from judicial scrutiny. Plf.'s Opp'n 3, ECF No. 36. Ultimately, Rule 12(g)(2)'s "'consolidation rule' is intended 'to eliminate unnecessary delay at the pleading stage' by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense' simultaneously rather than 'interposing these defenses and objections in piecemeal fashion.'" *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (quoting Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1384 (3d ed. 2014)). Since Alleviate's Motions to Dismiss and Strike Class Allegations were filed within minutes of one another on February 4, 2025, no delay was caused. ECF Nos. 16-17.

Moreover, Courts often consider, and even grant, Rule 12 motions that are filed on the same day. *See Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-cv-00024-GHD-DAS, 2018 WL 3945607, at *3-4 (N.D. Miss. Aug. 16, 2018) ("[T]he Court finds that [plaintiff] has not suffered any prejudice by Defendants filing separate motions. [Plaintiff] has already replied to each of the motions, and by filing them on the same day, Defendants have not delayed any Court proceedings or engaged in what is typically thought of as 'piecemeal litigation.' Any such error caused by separate filings is ultimately harmless to [plaintiff]."); *Urrego v. Samuel I. White, P.C.*, No. 3:17cv437 (MHL), 2018 WL 4524106, at *5 (E.D. Va. July 2, 2018) (finding that the defendant's "separate same-day Rule 12 filings did not prejudicially delay the pleadings stage"

and declining to find waiver of defense, despite defendant's "technical error."); *Amazon Web Servs., Inc. v. Glob. Equity Mgmt., S.A.*, No. 3:16cv619, 2017 WL 4052381, at *5 (E.D. Va. Sept. 13, 2017) (declining to find waiver, explaining that the defendant "filed both Rule 12 motions on the same day, meaning that [the defendant]'s failure to comply with Rule 12 did not create unnecessary delay at the pleading stage, which Rule 12(g) aims to prevent."); *Premier Funding Grp. LLC v. Aviva Life & Annuity Co.*, No. CV-14-01633-PHX, 2014 WL 6885732, at *2 n.3 (D. Ariz. Dec. 8, 2014) (deciding to treat motion to dismiss for lack of personal jurisdiction and motion to dismiss for failure to state a claim as one motion, and declining to find waiver, because "the two motions were submitted the same day[.]"). Since the interests of Rule 12(g)(2) have been served, this Court should not get bogged down with a harmless technicality.

It is also worth noting that courts often hold that Rule 12(b)(6) motions are excluded from the Rule 12(g)(2) consolidation requirement. *See Doe v. Columbia-Brazoria Indep. Sch. Dist. By & Through Bd. Of Trustees*, 855 F.3d, 681, 686 (5th Cir. 2017) ("Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted.") (quoting *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512, F.3d 137, 141 (5th Cir. 2007)); *Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-cv-00024-GHD-DAS, 2018 WL 3945607, at *3-4 (N.D. Miss. Aug. 16, 2018) (noting the "federal rules' express exception of 12(b)(6) motions from the consolidation requirements of Rule 12" and holding that "Defendants were not required to combine their motion to dismiss for failure to state a claim with the other motions."); *Leyse*, 804 F.3d at 321-22 ("So long as the district court accepts all of the allegations in the complaint as true, the result is the same as if the defendant had filed an answer admitting these allegations and then filed a Rule 12(c) motion for judgment on the

9

pleadings, which Rule 12(h)(2)(B) expressly permits."); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("The Third and Tenth Circuits have read Rule 12 correctly, but have been very forgiving of a district court's failure to follow Rule 12(g)(2) …. We agree with the approach of the Third and Tenth Circuits. We read Rule 12(g)(2) in light of the general policy of the Federal Rules of Civil Procedure, expressed in Rule 1.") (citing *Leyse*, 804 F.3d at 321-22, and *Albers*, 771 F.3d at 704). While these cases typically address successive Rule 12(b)(6) motions to dismiss, the same reasoning applies whether the 12(b)(6) motion is the first Rule 12 motion filed or the last. If a 12(b)(6) motion is exempt from the consolidation requirement of Rule 12(g)(2), then Alleviate's subsequent Rule 12(f) motion to strike was properly filed separately.

### III.   CONCLUSION

For the foregoing reasons, Alleviate respectfully requests that this Court grant its Motion to Strike Class Allegations, ECF No. 16, and strike Plaintiff's class allegations in their entirety.

Dated: May 12, 2025

TROUTMAN AMIN, LLP

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera (FBN 1034545)
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
400 Spectrum Center Dr., Ste. 1550
Irvine, California 92618
Telephone: 561-834-0883
jenniffer@troutmanamin.com
*Counsel for Defendant Alleviate Tax LLC*

10

## CERTIFICATION

I hereby certify that on May 12, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera