IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03231-DDD-KAS

SHANE SCOFIELD, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ALLEVIATE TAX LLC,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant Alleviate Tax LLC's **Motion to Stay Discovery [#17]** and **Motion to Bifurcate Discovery [#18]**. Defendant asks the Court to stay all discovery pending a ruling on their Rule 12(b)(6) Motion to Dismiss [#15] and Motion to Strike Class Allegations [#16]. Plaintiff filed a combined brief in opposition to both the Motion to Stay and Motion to Bifurcate Discovery, *Response* [#33], to which Defendant replied. *Reply* [#38]. The Motion to Stay and Motion to Bifurcate Discovery have been referred to the undersigned. *Order* [#21]. The Court has reviewed the motions, the parties' briefs, the entire case file, and the applicable law. For the reasons set forth below, the Motion to Stay [#17] is **GRANTED** and the Motion to Bifurcate [#18] is **DENIED AS MOOT.**

I. Background

This single-count class action arises from an alleged campaign by Defendant to market its tax resolution services throughout Colorado and the United States using pre-

recorded telemarketing calls to cellular telephones, which is prohibited by the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *Compl.* [#1] ¶ 2. The proposed class is:

> **TCPA Robocall Class**: All persons within the United States: (1) to whose cellular telephone number, specialized mobile radio number, other radio common carrier number, or any service for which the called party is charged for the call, (2) either Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) from four years prior to the filing date of this Complaint through trial (4) using an identical or substantially similar pre-recorded message used to place the telephone call to Plaintiff.

*Id.* ¶ 33. Plaintiff estimates that "[t]he potential members of the Class likely number at least in the hundreds because of the en masse nature of telemarketing calls." *Id.* ¶ 36 (italics omitted).

The following deadlines are currently in place: (1) discovery ends December 15, 2025; (2) motion for class certification is due January 14, 2026; (3) designation of affirmative experts are due October 16, 2025; and (4) designation of rebuttal experts are due November 17, 2025. *Scheduling Order* [#25] at 10-11.

## II. Analysis

Although the stay of proceedings in a case is generally disfavored, a court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). When exercising its discretion, a court considers the following factors: (1) the plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the court by staying discovery; (4) the interests of nonparties; and (5) the public interest. *String*

*Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

### A.    Plaintiff's Interest and Potential Prejudice

Regarding the first *String Cheese Incident* factor, Plaintiff asserts that he would be prejudiced by the delay, which he believes is unnecessary given the purportedly weak grounds on which Defendant seeks dismissal. *Response* [#33] at 2. Plaintiff also argues that a stay would amplify the risk of lost or destroyed evidence, which he contends is not hypothetical. *Id*. at 3. Put differently, Plaintiff is concerned that the passage of time will cause memories to fade, render witnesses difficult to reach, and lead to the loss or inadvertent destruction of documents. *Id*. at 4. In response, Defendant argues that there is no factual basis for liability, Plaintiff's multiple third-party subpoenas have not yielded a link between Defendant and the conduct alleged, and there is no risk that evidence will be lost or destroyed because it has maintained a robust litigation hold after this lawsuit was filed. *Reply* [#38] at 1-3.

Plaintiff's concern about prejudice stemming from lost or destroyed evidence is undermined by Defendant's implementation of a litigation hold on evidence, including pre-recorded phone calls which Plaintiff alleges he and putative class members received. *See Silver v. City of Albuquerque*, CIV No. 22-400 MIS/GBW, 2022 WL 9348637, at *2 (D.N.M. Oct. 14, 2022) (granting stay in TCPA class action, noting "both the nature of the evidence . . . and [the] [d]efendant's observance of the litigation hold mitigate [the] [p]laintiff's concern about preservation of evidence."). Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of a stay.

3

### B.  Burden on the Defendant

Regarding the second *String Cheese Incident* factor, if Defendant's Motion to Dismiss [#15] is ultimately granted, it would undoubtedly be prejudiced if forced to engage in discovery at this time. In that motion, Defendant argues for dismissal because the Complaint [#1] lacks plausible allegations of direct and vicarious liability. *Motion to Dismiss* [#15] at 2. Defendant argues that absent a stay, it will be forced to expend considerable resources responding to Plaintiff's discovery requests, particularly in light of the broad class allegations and the possibility that Plaintiff has sued the wrong entity. *Motion to Stay* [#17] at 4-6; *Reply* [#38] at 5.

Based on these considerations, and without commenting on the strength of the pending Motion to Dismiss [#15] and Motion to Strike the Class Allegations [#16], the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery. Without a stay, Defendant will suffer a significant burden, as it will exhaust substantial resources on discovery concerning Plaintiff's nationwide class action claims which may prove to be unnecessary. *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. 09-cv-02848-WDM-KMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010) ("[W]hile the ordinary burdens associated with litigating a case do not constitute an undue burden, the breadth of class action discovery implicated in this case if a stay were not granted would be a significantly elevated burden on [the] [d]efendants."); *see also Nardo v. Homeadvisor, Inc.*, No. 21-cv-01709-RM-KLM, 2022 WL 1198995, at *3 (D. Colo. Jan. 4, 2022) (finding that proceeding with discovery in the nationwide class action would be "particularly steep" and may result in unnecessary discovery).

**C.     The Court**

Regarding the third factor, staying discovery will promote the interests of judicial economy, efficiency, and consistency between courts. This matter is in its nascent phase. To permit discovery to begin in this broad, nationwide class action, where Defendant seeks dismissal for failure to allege either vicarious or direct liability, would inefficiently use resources. *See Nardo*, 2022 WL 1198995, at *4 (finding third factor favors a stay because the court otherwise "may have to unnecessarily expend resources managing discovery or get involved in the struggle over the substance of the suit") (cleaned up). Accordingly, the third *String Cheese Incident* factor weighs in favor of a stay.

**D.     Non-Parties**

Regarding the fourth factor, there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor is neutral.

**E.     The Public**

Regarding the fifth factor, the Court notes that the public's general interest in the speedy resolution of cases co-exists with the "strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *3 (D. Colo. Nov. 4, 2019) (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009)). The Court thus finds that the fifth *String Cheese Incident* factor is neutral.

### III. Conclusion

Weighing the relevant factors, the Court concludes that a stay of discovery pending resolution of the Motion to Dismiss [#15] and Motion to Strike Class Allegations [#16] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#17] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery is **stayed** in this lawsuit pending further order of the Court.

IT IS FURTHER **ORDERED** that, within 14 days of the District Judge's adjudication of the Motion to Dismiss [#15] and Motion to Strike Class Allegations [#16], if the adjudication is not case-dispositive, the parties shall file a joint status report identifying remaining deadlines that need adjustment and what additional discovery remains.

IT IS FURTHER **ORDERED** that, given the stay of discovery, the Motion to Bifurcate Discovery [#18] is **DENIED AS MOOT**.

Dated: June 17, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge