UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**SHANE SCOFIELD**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**ALLEVIATE TAX LLC**

    Defendant.

Case No. 1:24-cv-03231

### DEFENDANT ALLEVIATE TAX'S LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant Alleviate Tax LLC ("Alleviate"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") filed by Plaintiff Shane Scofield ("Plaintiff") [ECF No. 1]. Alleviate denies each and every allegation in the Complaint unless expressly admitted or otherwise qualifies, as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>: Paragraph 1 of Plaintiff's Complaint is a quote from the Supreme Court case *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020), which speaks for itself. To the extent Paragraph 1 is construed to contain factual allegations, Alleviate denies each and every one of them. Alleviate further denies this Paragraph to the extent implies any wrongdoing or violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Alleviate denies the allegations of Paragraph 2 of the Complaint.

3. Alleviate admits that Plaintiff purports to bring this action as a class action pursuant to Fed. R. Civ. P. 23. However, Alleviate denies that class certification is appropriate or that Plaintiff can satisfy the requirements of Rule 23. Alleviate further denies that it violated the TCPA.

1

4.      Alleviate admits that Plaintiff's Complaint purports to bring this action on behalf of a proposed class of persons. Alleviate denies all remaining allegations in Paragraph 4 and specifically denies that it placed any "illegal telemarketing calls," that it engaged in any wrongful conduct whatsoever, and that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23.

## II.      PARTIES

5.      Alleviate is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 5 regarding Plaintiff's residence and therefore, denies the same.

6.      Alleviate admits to the allegations of Paragraph 6.

## III.     JURISDICTION AND VENUE

7.      <u>Jurisdiction</u>: Paragraph 7 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq. are federal statutes that speak for themselves.

8.      <u>Personal Jurisdiction</u>: Paragraph 8 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations of Paragraph 8.

9.      <u>Venue</u>: Paragraph 9 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 28 U.S.C. § 1391(b)(2) is a federal statute that speaks for itself.

## IV.      FACTS

**A.      Calls Made Using A Pre-Recorded Message**

10.     Paragraph 10 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 47 U.S.C. § 227 et seq. is a federal statute that

speaks for itself. Further, any agency's Report and Order speaks for itself. Alleviate otherwise denies the allegations in Paragraph 10.

11.  Paragraph 11 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) are federal statutes that speaks for themselves. Further, any agency's Report and Order speaks for itself. Alleviate otherwise denies the allegations in Paragraph 11.

12.  Paragraph 12 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 47 C.F.R. § 64.1200(f)(12) is a federal statute that speaks for itself. Alleviate otherwise denies the allegations in Paragraph 12.

13.  Paragraph 13 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 47 C.F.R. § 64.1200(f)(8) is a federal statute that speaks for itself. Alleviate otherwise denies the allegations in Paragraph 13.

**B.   Unsolicited Telemarketing to Plaintiff**

14.  Paragraph 14 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself. Alleviate otherwise denies the allegations in Paragraph 14.

15.  Paragraph 15 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate states that 47 U.S.C. § 153(39) is a federal statute that speaks for itself. Alleviate otherwise denies the allegations in Paragraph 15.

16.  Alleviate denies the allegations of Paragraph 16.

17.  Paragraph 17 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 17.

18.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies the same.

19.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies the same.

20.Alleviate denies the allegations in Paragraph 20.

21.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies the same.

22.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies the same.

23.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies the same.

24.Alleviate is without sufficient knowledge or information to form a belief as to Plaintiff's perception of any calls he received and therefore denies the same.

25.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies the same.

26.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

28.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies the same.

29.Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies the same.

30.     Alleviate is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies the same.

31.     Alleviate denies the allegations of Paragraph 31.

32.     Alleviate denies that a cognizable class exists and denies that Plaintiff or the putative class can satisfy the mandatory requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and adequacy. Furthermore, Alleviate denies engaging in any unlawful or wrongful conduct as alleged in the Complaint and denies all liability.

## V.     CLASS ACTION LITIGATION

33.     <u>Class Definition</u>: Alleviate admits that Plaintiff purports to bring this action as a class action pursuant to Fed. R. Civ. P. 23. However, Alleviate denies that class certification is appropriate or that Plaintiff can satisfy the requirements of Rule 23, including but not limited to numerosity, commonality, typicality, adequacy, predominance, or superiority. Alleviate denies that any valid class exists, that Plaintiff's claims are representative of any putative class, or that class-wide adjudication is appropriate in this case. Alleviate further objects to the class definition as vague, overbroad, and improperly including individuals who may lack standing or a legitimate claim under the TCPA.

34.     Alleviate admits that Plaintiff purports to exclude counsel, Alleviate, any entities in which Alleviate has a controlling interest, Alleviate's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family from the proposed class. However, Alleviate denies the existence of any ascertainable or certifiable class. Alleviate further denies that class certification is warranted under any circumstances.

35.     Alleviate denies the allegations in Paragraph 35 and denies that any certifiable class exists.

36.     Alleviate denies the allegations of Paragraph 36 and denies that any certifiable class exists.

5

37. Paragraph 37 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 37.

38. Paragraph 38 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 38.

39. Paragraph 39 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 39.

40. Alleviate denies the allegations in Paragraph 40.

41. Alleviate admits that Plaintiff is seeking injunctive relief and monetary damages but denies that any person is entitled to such relief.

42. Paragraph 42 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 42.

43. Paragraph 43 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 43.

44. Paragraph 44 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 44.

45. Paragraph 45 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 45.

46. Paragraph 46 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 46.

47. Paragraph 47 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 47.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(b) on behalf of the Robocall Class**

48.     Alleviate incorporates herein by reference its responses and denials to Paragraphs 1 through 47 as if fully restated herein.

49.     Paragraph 49 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 49.

50.     Paragraph 50 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 50.

51.     Paragraph 51 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 51.

52.     Paragraph 52 alleges legal conclusions to which no response is required. To the extent a response is deemed necessary, Alleviate denies the allegations in Paragraph 52.

## PRAYER FOR RELIEF

Alleviate denies liability and denies all allegations of the Relief Sought and its subsections. Alleviate hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation and hereby reserves the right to amend its answer to assert any other defenses as they become known or available.

## AFFIRMATIVE AND OTHER DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. Alleviate reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Alleviate asserts the following specific defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

This Court lacks personal jurisdiction as to the claims of absent class members who reside outside of Colorado or whose claims have no connection whatsoever with Colorado. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017).

**THIRD DEFENSE**

Plaintiff and the putative class's claims against Alleviate are barred, in whole or in part, because the alleged injuries were caused by acts or omissions of Plaintiff/the putative class members and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by Alleviate.

**FOURTH DEFENSE**

Alleviate did not violate the TCPA directly, and Plaintiff fails to allege a claim under any theory of vicarious liability.

**FIFTH DEFENSE**

Plaintiff lacks Article III standing to bring this action and to represent any purported class because she did not suffer an injury-in-fact as a result of Alleviate's alleged conduct.

**SIXTH DEFENSE**

The imposition of statutory damages under the TCPA against Alleviate would violate the due process provisions of the U.S. Constitution and/or the Constitution of the State of Colorado.

**SEVENTH DEFENSE**

Plaintiff and the putative class's claims are barred under the doctrines of laches and/or unclean hands.

**EIGHTH DEFENSE**

To the extent that Plaintiff's and the purported class members' claims relate to conduct beyond the applicable statute of limitations, such claims are barred.

## NINTH DEFENSE

Plaintiff's and the purported class members' claims are barred to the extent they are not the "called party" within the meaning of the TCPA.

## TENTH DEFENSE

Plaintiff's and the purported class members' claims are barred, or damages reduced, to the extent that any harm or injuries were the result of, in whole or in part, the negligent or intentional acts or omissions of third parties.

## ELEVENTH DEFENSE

This action, in whole or in part, is not maintainable as a class action because the proposed classes do not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including, but not limited to, the class definitions, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. The damages sought by Plaintiff on behalf of the purported class cannot be recovered without specific proof by each purported class member that he or she has been injured.

## TWELFTH DEFENSE

Alleviate is informed and believes that Plaintiff's claims and the claims of the putative class members are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

**THIRTEENTH DEFENSE**

Alleviate did not willfully or knowingly contact Plaintiff on the phone numbers at issue without prior express consent. To the extent that there was any violation of the TCPA, which Alleviate denies, Alleviate shall be liable for no more than a $500.00 penalty, as Alleviate denies that it willfully and knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

**FOURTEENTH DEFENSE**

To the extent there was any violation of the TCPA, which Alleviate denies, Alleviate shall be liable for no more than a $500.00 penalty, as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

**FIFTEENTH DEFENSE**

Alleviate's actions were proper and legal, and at all times it acted with good faith and without malice. Thus, to the extent there was any violation of the TCPA, which Alleviate denies, such violation(s) were not knowing and willful.

**SIXTEENTH DEFENSE**

To the extent there was any violation of the TCPA, which Alleviate denies, Alleviate's actions were not knowing and/or willful because any violation was unintentional and the result of a bona fide error despite the maintenance of procedures reasonably adapted to avoid such violations.

**SEVENTEENTH DEFENSE**

Alleviate is informed and believes that Plaintiff and the putative class members have not sustained any actual injury as a result of the alleged violations of the TCPA. Plaintiff and the putative class members must sustain an injury in fact for each individual call for which Plaintiff and the putative class members claims' a violation.

**EIGHTEENTH DEFENSE**

By reason of Plaintiff's and the putative class members' inaction with respect to and/or ratification of the calls he alleges were made by Alleviate, Plaintiff and the putative class members are estopped from recovery herein and Plaintiff and the putative class members' claims against Alleviate are barred by the doctrines of waiver and/or estoppel (including res judicata, collateral estoppel, and judicial estoppel).

**NINETEENTH DEFENSE**

Alleviate's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff and the putative class members.

**TWENTIETH DEFENSE**

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content- based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 26 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

**TWENTY-FIRST DEFENSE**

The TCPA is unconstitutionally vague because the restrictions imposed by the TCPA do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

**TWENTY-SECOND DEFENSE**

Any award of punitive or statutory damages against Defendant would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

11

**TWENTY-THIRD DEFENSE**

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process. *See Golan v. Veritas Entm't, LLC*, No. 4:14CV00069 ERW, 2017 U.S. Dist. 22 LEXIS 144501, at *10 (E.D. Mo. Sept. 7, 2017) ("[t]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and 26 obviously unreasonable.'" (quoting *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012)).

**TWENTY-FOURTH DEFENSE**

The allegations of the Complaint, and the purported cause of action alleged in the Complaint, are not pleaded with sufficient particularity, are uncertain, vague, ambiguous and unintelligible, and fail to meet the applicable pleading requirements.

**TWENTY-FIFTH DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff's and the putative class members' requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

**TWENTY-SIXTH DEFENSE**

Alleviate acted in good faith in any and all interactions with Plaintiff and the putative class members and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff and the putative class members or any duty, if any, owed to Plaintiff and the putative class members.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's and the putative class members' claims fail or are otherwise barred, in whole or in part, because the calls—to the extent they occurred—were made with the prior express consent of Plaintiff and the putative class members.

**TWENTY-EIGHTH DEFENSE**

Alleviate reserves the right to assert arbitration.

**TWENTY-NINTH DEFENSE**

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Alleviate has established and implemented written procedures to comply with the National DNC rules.

**THIRTIETH DEFENSE**

Aggregated statutory damages in TCPA class actions are so severe and oppressive as to be wholly disproportionate to the offense and in certain extreme circumstances, subject to constitutional due process limitations. Thus, as applied in this case, any aggregated damages award must be evaluated under the Six Mexican Workers test. *See Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022) ("Six Mexican Workers provides further guidance for determining whether a particular statutory damages award is disproportionately punitive in the aggregate" … The test requires a Court to consider: "1) the amount of award to each plaintiff, 2) the total award, 3) the nature and persistence of the violations, 4) the extent of the defendant's culpability, 5) damage awards in similar cases, 6) the substantive or technical nature of the violations, and 7) the circumstances of each case").

## THIRTY-FIRST DEFENSE

Alleviate is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, Alleviate reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Alleviate prays for relief and judgment, as follows:

A. Dismissing the Complaint with prejudice;

B. Entering judgment against Plaintiff and in favor of Alleviate with respect to all Counts in the Complaint;

C. Awarding Alleviate its reasonable costs and expenses incurred in this action; and

D. Awarding such other and further relief as the Court may deem just and proper.

Dated: October 2, 2025

                                       TROUTMAN AMIN, LLP

                                       */s/ Jenniffer Cabrera*
                                       Jenniffer Cabrera (FBN 1034545)
                                       1825 NW Corporate Blvd, Ste. 100
                                       Boca Raton, Florida 33431
                                       400 Spectrum Center Dr., Ste. 1550
                                       Irvine, California 92618
                                       Telephone: 561-834-0883
                                       jenniffer@troutmanamin.com
                                       *Counsel for Defendant Alleviate Tax LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera